UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| ESN, LLC,<br><br>                Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC. and<br>CISCO-LINKSYS, LLC,<br><br>                Defendants. | CIVIL ACTION NO. 5:08-CV-20<br><br>**JURY TRIAL DEMANDED** |

## CISCO-SYSTEMS, INC. AND CISCO-LINKSYS, LLC'S ANSWER AND COUNTERCLAIMS TO ESN, LLC'S COMPLAINT FOR PATENT INFRINGEMENT

Defendants and counterclaimants Cisco Systems, Inc. and Cisco-Linksys, LLC. (collectively "Cisco"), by and through the undersigned counsel, answer the Complaint for Patent Infringement ("Complaint") of plaintiff and counterdefendant ESN, LLC, ("Plaintiff"), as follows:

### I. ANSWER

#### PARTIES

1.     Cisco is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 1 of the Complaint and therefore denies them.

2.     Admitted.

3.     Admitted.

#### JURISDICTION AND VENUE

4.     Cisco admits that this Court has subject matter jurisdiction over Plaintiff's claims.

5.     Cisco admits that, with respect to this case only, venue is proper in this District

pursuant to 28 U.S.C. §§ 1391 and 1400.  Except as expressly admitted, Cisco denies the remaining allegations of paragraph 5 of the Complaint.

**FACTS**

6. Cisco denies that it has infringed any claim of any patent owned by ESN.

7. Cisco admits that the '519 patent lists Gregory D. Girard as the named inventor and that the patent states that it was issued on October 16, 2007.  Cisco is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 7 of the Complaint and therefore denies them.

8. Cisco lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 8 of the Complaint and therefore denies them.

9. Cisco admits that the specification of the '519 patent mentions switching systems for communicating voice and other data over a packet-switched broadband network.  Except as expressly admitted, Cisco denies the remaining allegations of paragraph 9 of the Complaint.

10. Denied.

11. Denied.

12. Cisco admits that the '519 patent states that United States Patent Application Serial No. US 2002/0176404 was published on November 28, 2002.  Cisco further admits that the '519 patent states that it issued from application No. US 2002/0176404.  Except as expressly admitted, Cisco denies the remaining allegations of paragraph 12 of the Complaint.

13. Cisco admits that it received the letter attached to the Complaint as Exhibit C.  Except as expressly admitted, Cisco denies the remaining allegations of paragraph 13 of the Complaint.

14. Cisco admits that it received the letter attached to the Complaint as Exhibit D.

Except as expressly admitted, Cisco denies the remaining allegations of paragraph 14 of the Complaint.

15. Denied.

## CLAIM ONE

### Infringement of the '519 Patent

16. Cisco repeats and incorporates the admissions and denials of paragraphs 1 through 15 above as if fully set forth herein.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

## CLAIM TWO

### Violation of ESN's Provisional Rights Under 35 U.S.C. § 154(d)

21. Cisco repeats and incorporates the admissions and denials of paragraphs 1 through 15 above as if fully set forth herein.

22. Denied.

23. Denied.

## II. AFFIRMATIVE DEFENSES

For its Affirmative Defenses to the Complaint, Cisco alleges as follows:

**FIRST AFFIRMATIVE DEFENSE - NON-INFRINGEMENT**

24. Cisco has not infringed, and currently does not infringe, the '519 patent directly, indirectly, contributorily, by inducement, under the doctrine of equivalents, or in any other manner.

**SECOND AFFIRMATIVE DEFENSE - INVALIDITY**

25. The claims of the '519 patent are invalid for failure to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and 112.

**THIRD AFFIRMATIVE DEFENSE - PROSECUTION HISTORY ESTOPPEL**

26. Cisco is informed and believes, and thereon alleges, that the relief sought by Plaintiff as to the '519 patent is barred under the doctrine of prosecution history estoppel.

**FOURTH AFFIRMATIVE DEFENSE - FAILURE TO STATE A CLAIM FOR RELIEF**

27. The Complaint fails to state a claim upon which relief can be granted for the '519 patent.

### III. COUNTERCLAIMS

For Counterclaims against Plaintiff, Cisco alleges as follows:

28. Cisco counterclaims against Plaintiff pursuant to the patent laws of the United States in Title 35 of the United States Code, with a specific remedy sought based upon the laws authorizing actions for declaratory judgment in the courts of the United States in 28 U.S.C. §§ 2201 and 2202, and Federal Rule of Civil Procedure 13.

### THE PARTIES

29. Cisco Systems, Inc. is a California corporation with its principal place of business in San Jose, California.

30. Cisco-Linksys, LLC is a California limited liability company with its principal place of business in Irvine, California.

31. Upon information and belief, Plaintiff is a Connecticut limited liability company with its principal place of business at 35 Juniper Rd., Bloomfield, Connecticut, 06002.

## JURISDICTION AND VENUE

32. This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201(a), and 2202.

33. This Court has personal jurisdiction over the Plaintiff by virtue, *inter alia*, of Plaintiff's filing of complaints in this Court.

34. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400.

## COUNTERCLAIM - DECLARATORY JUDGMENT

35. By virtue of the allegations of Plaintiff's Complaint in this action and Cisco's Answer thereto, an actual controversy exists between Cisco and Plaintiff as to whether each of the claims of the '519 patent is invalid and/or not infringed.

## FIRST COUNT
## DECLARATION OF NON-INFRINGEMENT OF THE '519 PATENT

36. Cisco restates and incorporates by reference each of the allegations of paragraphs 28 through 35 of this Answer to Complaint and Counterclaims.

37. Plaintiff claims to be the owner by assignment of all legal rights and interest in the '519 patent.

38. Plaintiff alleges infringement of the '519 patent by Cisco.

39. Cisco and the customers using Cisco's products or services are not infringing and have not infringed any valid claim of the '519 patent, and Plaintiff is entitled to no relief for any Claim in the Complaint.

## SECOND COUNT
## DECLARATION OF INVALIDITY OF '519 PATENT

40. Cisco restates and incorporates by reference each of the allegations of paragraphs 28 through 35 of this Answer to Complaint and Counterclaims.

41. Plaintiff, by its Complaint, contends that the '519 patent is valid.

42. Each and every claim of the '519 patent is invalid for failure to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including without limitation §§ 101, 102, 103 and 112.

## JURY DEMAND

43. Cisco hereby demands a jury trial on all issues and claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Cisco prays for judgment with respect to Plaintiff's Complaint and Cisco's Affirmative Defenses and Counterclaims as follows:

a. This Court enter Judgment against Plaintiff and in favor of Cisco on each of the claims set forth in the Complaint filed by Plaintiff and that each such claim be dismissed with prejudice;

b. This Court find and declare that the '519 patent is not infringed by Cisco or any customers using Cisco's products or services;

c. This Court find and declare that each of the claims of the '519 patent is invalid;

d. This Court find that this is an exceptional case and award Cisco its attorneys' fees pursuant to 35 U.S.C. § 285 or otherwise; and

f. This Court grant Cisco such other and further relief as the Court shall deem just and proper.

Dated: March 6, 2008

Respectfully submitted,

MCKOOL SMITH, P.C.

/s/ Garret W. Chambers

Sam Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
104 E. Houston Street, Suite 300
P.O. Box 0
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Garret W. Chambers
Texas State Bar No. 00792160
gchambers@mckoolsmith.com
McKool Smith, P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

Charles K. Verhoeven
California State Bar No. 170151
charlesverhoeven@quinnemanuel.com
50 California St., 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875.6600
Facsimile: (415) 875.6700

Victoria F. Maroulis
California State Bar No. 202603
(admitted in E.D. Tex.)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Dr., Suite 560
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Attorneys for Defendants
Cisco Systems, Inc. and Cisco-Linksys, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on March 6, 2008. Any other counsel of record will be served by facsimile transmission and first class mail.

/s/ Garret W. Chambers
Garret W. Chambers