IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| **ESN, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION NO. 5:08-CV-20** |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **CISCO SYSTEMS, INC., and** | ) | |
| **CISCO-LINKSYS, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### PLAINTIFF ESN, LLC'S REPLY TO DEFENDANTS CISCO SYSTEMS, INC. AND CISCO-LINKSYS, LLC'S COUNTERCLAIMS

Plaintiff, ESN, LLC ("ESN"), by and through its counsel, replies to the Counterclaims of

Defendants Cisco Systems, Inc. and Cisco-Linksys, LLC (collectively "Cisco"), as follows:

### CISCO'S COUNTERCLAIMS

28.     Cisco counterclaims against Plaintiff pursuant to the patent laws of the Untied States in Title 35 of the United States Code, with a specific remedy sought based upon the laws authorizing actions for declaratory judgment in the courts of the United States in 28 U.S.C. §§ 2201 and 2202, and Federal rule of Civil Procedure 13.

Admitted.

### THE PARTIES

29.     Cisco Systems, Inc. is a California corporation with its principal place of business in San Jose, California.

Admitted.

30.     Cisco-Linksys, LLC is a California limited liability company with its principal pale of business in Irvine, California.

Admitted.

31.     Upon information and belief, Plaintiff is a Connecticut limited liability company with its principal place of business at 35 Juniper Rd., Bloomfield, Connecticut, 06002.

Admitted.

## JURISDICTION AND VENUE

32.     This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201(a) and 2202.

Admitted.

33.     This Court has personal jurisdiction over the Plaintiff by virtue, *inter alia,* of Plaintiff's filing of complaints in this Court.

Admitted.

34.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400.

Admitted.

## COUNTERCLAIM – DECLARATORY JUDGMENT

35.     By virtue of the allegations of Plaintiff's Complaint in this action and Cisco's Answer thereto, an actual controversy exists between Cisco and Plaintiff as to whether each of the claims of the '519 patent is invalid and/or not infringed.

Admitted.

## FIRST COUNT
## DECLARATION OF NON-INFRINGEMENT OF THE '519 PATENT

36.     Cisco restates and incorporates by reference each of the allegations of paragraphs 28 through 35 of this Answer to Complaint and Counterclaims.

ESN restates and incorporates by reference each of its responses to the allegations of

paragraphs 28 through 35 above.

37.     Plaintiff claims to be the owner by assignment of all legal rights and interest in the '519 patent.

Admitted.

38.     Plaintiff alleges infringement of the '519 patent by Cisco.

Admitted.

39. Cisco and the customers using Cisco's products or services are not infringing and have not infringed any valid claim of the '519 patent, and Plaintiff is entitled to no relief for any Claim in the Complaint.

Denied.

## SECOND COUNT
## DECLARATION OF INVALIDITY OF '519 PATENT

40. Cisco restates and incorporates by reference each of the allegations of paragraphs 28 through 35 of this Answer to Complaint and Counterclaims.

ESN restates and incorporates by reference each of its responses to the allegations of

paragraphs 28 through 35 above.

41. Plaintiff, by its Complaint, contends that the '519 patent is valid.

Admitted.

42. Each and every claim of the '519 patent is invalid for failure to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including without limitation, §§ 101, 102, 103 and 112.

Denied.

## JURY DEMAND

43. Cisco hereby demands a jury trial on all issues and claims so triable.

Admitted.

## PRAYER FOR RELIEF

WHEREFORE, ESN prays for the following relief:

A. That judgment be rendered herein against Cisco and in favor of ESN.

B. That all of the relief sought in ESN's Prayer For Relief in the underlying action be

granted.

C. That Cisco's request for a declaration of non-infringement and invalidity of the '519 Patent and for each of its other claims and/or defenses be denied.

D. For recovery of ESN's attorneys fees and costs of this action.

E. For such other and further relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

In accordance with Fed. R. Civ. P. 38(b), ESN demands a trial by jury on all issues so triable.

Respectfully submitted,

_____
Eric M. Albritton
Lead Attorney
Texas State Bar No. 00790215
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75605
Telephone (903) 757-8449
Facsimile (903) 758-7397
ema@emafirm.com

T. John Ward Jr.
Texas State Bar No. 00794818
Ward & Smith Law Firm
111 W. Tyler St.
Longview, Texas 75601
Telephone (903) 757-6400
Facsimile (903) 757-2323
jw@jwfirm.com

Of counsel:
George P. McAndrews
Thomas J. Wimbiscus
Peter J. McAndrews
Gerald C. Willis
Paul W. McAndrews
Matthew N. Allison
McAndrews, Held & Malloy Ltd.
500 W. Madison Street, 34th Floor
Chicago, Illinois 60661
Telephone (312) 775-8000
Facsimile (312) 775-8100
pmcandrews@mcandrews-ip.com

Attorneys for Plaintiff ESN, LLC

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 31st day of March, 2008.

_____
Eric M. Albritton