# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | |
|---|---|
| ESN, LLC, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No. 5:08-CV-20-DF |
| | ) |
| CISCO SYSTEMS, INC., and | ) |
| CISCO-LINKSYS, LLC, | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## JOINT CONFERENCE REPORT

Pursuant to the Court's order of March 11, 2008, Plaintiff ESN, LLC ("ESN") and Defendants, Cisco Systems, Inc. and Cisco-Linksys, LLC (hereafter referred to collectively as "Cisco") hereby submit this Joint Conference Report regarding each of the matters set forth in the Court's Order.

With respect to the Docket Control Order, the parties conferred by telephone on April 1, 2008 and reached agreement on the Proposed Docket Control Order attached hereto as Exhibit A. The parties generally adopted the form and deadlines proposed in the Court's Example Order, with a few exceptions. The primary exception relates to a modest extension of the dates relating to claim construction disclosures and briefing.

**(1)  Description of the Case**

ESN filed this patent infringement suit on January 31, 2008, pursuant to the patent laws of the United States, Title 35 U.S.C. §§ 1 et seq., accusing Cisco of infringing one or more claims of U.S. Patent No. 7,283,519 ("the '519 Patent") in violation of 35 U.S.C. § 271(a)(b)(c) and (f). ESN intends to elaborate the particular infringement theories and legal bases more fully

in infringement contentions to be served according to a proposed docket control order to be entered by the Court, and as supplemented pursuant to the Local Patent Rules. The '519 Patent is presumed to be valid. 35 U.S.C. § 282.

**(a)     Elements of ESN's Cause of Action**

**(i)     Infringement**

In order to establish liability for patent infringement, ESN must prove by a preponderance of the evidence that Cisco's accused products infringe at least one claim of the '519 Patent. "'The determination whether a claim has been infringed requires a two-step analysis: First, the claim must be properly construed to determine its scope and meaning. Second, the claim as properly construed must be compared to the accused device or process.'" *Johns Hopkins,* 152 F.3d at 1353 (quoting *Carroll Touch, Inc. v. Electro Mechanical Sys., Inc.*, 15 F.3d 1573, 1576 (Fed. Cir. 1993)); *see also Kegel Co., Inc., v. AMF Bowling, Inc.,* 127 F.3d 1420, 1425 (Fed. Cir. 1997). Claim construction is a matter of law. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 979 (Fed. Cir. 1995), *aff'd by* 517 U.S. 370 (1996). "The plaintiff has the burden of proving infringement by a preponderance of the evidence." *Kegel*, 127 F.3d at 1425 (citing *Laitram Corp. v. Rexnord, Inc.*, 939 F.2d 1533, 1535 (Fed. Cir. 1991)). To prove infringement, "the plaintiff must show the presence of every element or its substantial equivalent in the accused device." *Zygo Corp. v. Wyko Corp.*, 79 F.3d 1563, 1568 (Fed. Cir. 1996) (citations omitted); *see also Hilton Davis Chem. Co. v. Warner-Jenkinson Co.*, 62 F.3d 1512, 1538 (Fed. Cir. 1995) (*en banc*) *rev'd and remanded*, 520 U.S. 17 (1997), reaff'dm, 114 F.3d 1161 (Fed. Cir. 1997); *Corning Glass Works v. Sumitomo Elec. U.S.A., Inc.*, 868 F.2d 1251, 1259 (Fed. Cir. 1989).

### (ii) Damages

In the event of a finding that the '519 Patent is valid and infringed, the Court shall award damages adequate to compensate ESN for the infringement, but in no event less than a reasonable royalty for the use made of the invention by Cisco, together with interest and costs as fixed by the Court. 35 U.S.C. §§ 284 and 154(d). ESN will present fact and opinion evidence (including the *Georgia Pacific* factors) in order to establish the reasonable royalty rate that it is entitled to as compensation for Cisco's infringement. *Grain Processing Corp. v. American Maize-Products*, 185 F.3d 1341, 1349 (Fed. Cir. 1999).

### (iii) Willful Infringement

In order to prevail on its claim of willful infringement, ESN must show, by clear and convincing evidence, that Cisco chose to engage in the infringing acts despite an objectively high likelihood that such actions constituted infringement of one or more claims of the '519 Patent. Once that threshold requirement has been satisfied, ESN must show that the objectively defined risk was either known to Cisco or that such risk was so obvious that it should have been known to Cisco. *In re Seagate technology*, LLC, 497 F.3d 1360, 1371 (Fed. Cir. 2007).

### (b) Cisco's Affirmative Defenses

#### (i) Non-Infringement

Cisco asserts that Plaintiff cannot prove by a preponderance of the evidence that it has infringed, or currently infringes, the '519 patent directly, indirectly, contributorily, by inducement, under the doctrine of equivalents, or in any other manner, because the accused products lack one or more of the recited limitations of the '519 patent.

### (ii) Invalidity

Cisco asserts that each and every claim of the '519 patent is invalid for failure to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and 112. Cisco intends to elaborate the particular invalidity theories and legal bases more fully in invalidity contentions to be served according to a docket control order entered by the Court. Cisco must prove its invalidity defenses by clear and convincing evidence.

### (iii) Prosecution History Estoppel

Cisco alleges that the relief sought by Plaintiff as to the '519 patent is barred by the doctrine of prosecution history estoppel. To establish prosecution history estoppel Cisco will need to show that, either (1) ESN made a narrowing amendment to the claim, or (2) ESN surrendered claim scope through argument to the patent examiner. *Schwarz Pharma, Inc. v. Paddock Labs., Inc.*, 504 F.3d 1371, 1375 (Fed. Cir. 2007). Cisco must prove its prosecution history estoppel contentions by clear and convincing evidence.

### (c) Cisco's Counterclaims

#### (i) Declaration of Non-Infringement

Cisco alleges that Cisco and the customers using Cisco's products or services are not infringing and have not infringed any valid claim of the '519 patent, and Plaintiff is entitled to no relief for any claim in the Complaint. Thus, Cisco asks that the Court find and declare that the '519 patent is not infringed by Cisco or any customers using Cisco's products or services.

#### (ii) Declaration of Invalidity

Cisco asserts that each and every claim of the '519 patent is invalid for failure to satisfy one of more of the conditions for patentability specified in Title 35 of the United States Code.

Thus, Cisco asks that the Court find and declare that each of the claims of the '519 patent is invalid. Cisco must prove its invalidity defenses by clear and convincing evidence.

**(2)  The Date of the Rule 26(f) Conference**

The respective counsel for the parties conducted a Rule 26(f) conference on April 1, 2008. The following attorneys were present for the conference:

**For ESN:**

T. John Ward Jr.
Texas State Bar Number: 00794818
Ward & Smith Law Firm
111 West Tyler Street
Longview, Texas 75601
(903) 757-6400 (office)
(903) 757-2323 (fax)

Peter J. McAndrews
Gerald C. Willis
McAndrews, Held & Malloy
500 West Madison, Suite 3400
Chicago, IL 60661
312-775-8000 (office)
312-775-8100 (fax)

**For Cisco Systems, Inc. & Cisco-Lynksys, LLC:**

Victoria F. Maroulis
Quinn Emanuel Urquhart Oliver & Hedges, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
650-801-5000 (Office)
650-801-5100 (Fax)

Katherine H. Bennett
Quinn Emanuel Urquhart Oliver & Hedges, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
415-875-6600 (Office)
415-875-6700 (Fax)

**(3)    Related Cases**

On February 6, 2008, Cisco filed a request for *inter partes* reexamination of U.S. Pat. No. 7,283,519, the patent-in-suit in this matter, with the U.S. Patent and Trademark Office ("PTO"). A certified copy of the request was served in its entirety to ESN's counsel Peter J. McAndrews on the same day. The PTO has assigned the control number 95/000,344 to this *inter partes* reexamination, which is currently pending. The parties are unaware of any related cases pending in federal or state courts.

**(4)    Expected Length of Trial**

The Plaintiff, ESN, believes that seven trial days, including opening statements and closing arguments, will be sufficient. The Defendant, Cisco, believes that 10 trial days will be needed.

**(5)    Whether the Parties Agree to Trial Before a Magistrate Judge**

The parties do not agree to trial by a magistrate judge.

**(6)    Whether a Jury Demand Has Been Made**

ESN and Cisco have demanded a trial by a jury on all issues so triable.

**(7)    Proposed Modifications To Deadlines in Proposed Docket Control Order**

The parties have modified the Example Proposed Docket Control Order and have agreed to the deadlines in the Proposed Docket Control Order attached herewith as Exhibit A. Notwithstanding the agreement to the attached docket control order, Cisco reserves its right to seek a stay of the litigation pending the outcome of its filed *inter partes* reexamination. ESN will oppose any such request for a stay of this litigation proceeding.

**(8) Need for Modification of Proposed Limits on Discovery Relating to Claim Construction, Deposition of Witnesses, Including Expert Witnesses**

The parties do not believe that the proposed limits on discovery relating to claim construction, deposition of witnesses, including experts, need to be modified at this time other than as follows with respect to expert witnesses. The parties have agreed that they will produce their respective experts for 7 hours of deposition time for each report that the expert prepares and serves (*i.e.*, two reports means two 7 hour days of deposition time).

**(9) The Entry of a Protective Order**

The parties are working on a Protective Order and will abide by Local Rule 2-2 for any documents produced prior to the entry of the Protective Order in this case.

**(10) The Appointment of a Technical Advisor or Special Master**

The parties do not believe that a technical advisor or special master is necessary unless the Court believes one is necessary.

**(11) The Number of Claims Being Asserted**

ESN is currently asserting 16 claims and will reduce this number to the extent required by, and according to, the Proposed Docket Control Order by September 8, 2008.

**(12) The Possibility of Early Mediation**

ESN and Cisco are willing to submit this case for early mediation. The parties suggest that the mediation be scheduled sometime in August, as that will give each party time to conduct discovery, but will still take place before a substantial amount of work begins relating to claim construction and dispositive motions.

**(13) Local Rules Pertaining to Attorney Misconduct**

Counsel for both parties have reviewed and understand the Local Rules pertaining to attorney misconduct.

## General Discovery Order

**1.** **Protective Orders:** See item number (9) above.

**2.** **Discovery Limitations:** See number (8) above.

**3.** **Privileged Information:** The parties shall produce a privilege log in compliance with Fed. R. Civ. P. 26 on or before August 20, 2008. The parties recognize their obligation to seasonably supplement any such privilege log throughout the proceeding.

**4.** **Duty to Supplement:** The parties recognize their obligation to seasonably supplement their respective discovery responses and shall comply with such requirements as required by the Federal Rules of Civil Procedure.

**5.** **Disputes:** The parties recognize their right to contact the Court's chambers in order to resolve any discovery disputes prior to contacting the "hotline" to resolve such disputes.

## Rule 26(f)(3) Topics

**Rule 26(f)(3)(A):** The timing of disclosures has been, or will be, set by the Court's Order of March 11, 2008 and/or the Docket Control Order. The parties will exchange initial disclosures on May 2, 2008.

**Rule 26(f)(3)(B):** The Docket Control Order will provide a date by which discovery should be completed. The parties do not believe that discovery should be conducted in phases.[1]

In general, the subjects on which ESN believes it may need discovery include, without limitation, the structure, function, operation, manufacture, use, importation, marketing and sale of Cisco's accused products, the number of accused products sold, and the revenue, costs and profits associated with the accused products, other matters relating to damages (including any evidence relating to any of the *Georgia Pacific* factors), non-obviousness and matters relating to willful infringement.

In general, the subjects on which Cisco believes it may need discovery include, without limitation, the conception, diligence, and/or reduction to practice of the subject matter claimed in the '519 patent; any investigations, analyses, or searches conducted by or for Plaintiff or disclosed to Plaintiff concerning prior art; the obviousness of the '519 Patent, including commercial success, copying, prior failure by others, licensing, industry respect, long-standing problem or need, unexpected results, skepticism, independent development, and any nexus between such objective indicia and the claimed invention; investigations, analyses or searches conducted by or for ESN or disclosed to ESN concerning the patentability of any subject matter claimed in the '519 Patent; the preparation, filing, and prosecution of the '519 patent; ownership or transfer of ownership in the '519 Patent, including without limitation any assignment, license, sublicense, or encumbrance; pre-filing investigation of Cisco's accused products, including without limitation any inspection, testing, evaluation, or analysis of any of the accused products; damages or harm that ESN alleges to have suffered as a result of the sale of Cisco's accused products.

**Rule 26(f)(3)(C):** The parties recognize their obligation to, and shall, preserve all electronically stored files that may be relevant to the issues in this litigation.

The parties have agreed to produce documents and discoverable electronically stored information in a searchable .tiff form (i.e., single page .tiff files with single page OCR text files and either Summation .dii, Concordance .dat and .opt, or IPRO .lfp load files, according to the receiving party's preference) linked to a searchable database suitable for use with Concordance, CaseLogistix, Summation, or other compatible software; to the extent not printable files exist, the parties agree to produce these files in native format. In addition, if a party requests specific documents or electronically stored information in native format, such materials shall be produced

---

[1] Both parties reserve the right to object to such discovery.

in said format unless a protective order is obtained for good cause shown by the party opposing such production. The parties further agree that the right to request specific documents or electronically stored information in native format will not be abused, and all such requests will be reasonable. The parties request that the Court enter the following guidelines concerning e-discovery:

    a. The parties will negotiate in good faith a list of search terms with which to search the reasonably accessible electronically stored information;

    b. Using the negotiated search terms, the parties will search the reasonably accessible electronically stored information of each custodian's PC and employee email accounts from [enter starting date here] until the present;

    c. Cisco believes the parties should agree not to search electronically stored information that is not reasonably accessible, and that electronically stored information that is stored on back-up tapes is not reasonably accessible. ESN cannot agree that electronically stored information that is stored on back up tapes is not "reasonably accessible" under this provision.

**Rule 26(f)(3)(D):** The parties have included in the Proposed Docket Control Order a date by which privilege/withheld document logs must be exchanged and have agreed to seasonably supplement the logs as required. The parties have agreed to terms addressing inadvertent production and have included such terms in the Proposed Protective Order.

**Rule 26(f)(3)(E):** The parties do not believe changes to the limitations set forth in the Court's order of March 11, 2008 need to be made other than what has been set forth in paragraph (8) above.

The parties hereby acknowledge their respective obligations under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of Texas, Texarkana Division, and hereby state that they shall comply by said Rules.

**Additional Items**

1.  **Service of Discovery, Motions and Pleadings, Etc.**

The parties have agreed to accept service via email with courtesy copies by mail. The parties have also agreed that the "three (3) day rule" of Fed. R. Civ. P. 6(d) will apply to all such documents served electronically. The parties have also agreed that electronic service shall be made at or before 11:59 p.m. Central Time on the date that such document is due or deemed served.

Respectfully submitted,

| FOR PLAINTIFF, ESN, LLC: | FOR DEFENDANTS, CISCO SYSTEMS, INC. AND CISCO-LINKSYS, LLC: |
|---|---|
| /s/ E.M. Albritton | /s/ Garret W. Chambers by permission |
| Eric M. Albritton | SAM BAXTER |
| Lead Attorney | MCKOOL SMITH P.C. |
| Texas State Bar No. 00790215 | Texas Bar No. 01938000 |
| ALBRITTON LAW FIRM | sbaxter@mckoolsmith.com |
| P.O. Box 2649 | 104 E. Houston St., Suite 300 |
| Longview, Texas 75606 | P.O. Box 0 |
| Telephone (903) 757-8449 | Marshall, Texas 75670 |
| Facsimile (903) 758-7397 | Telephone: (903) 923-9000 |
| ema@emafirm.com | Facsimile: (903) 923-9099 |
| | |
| T. John Ward Jr. | GARRET W. CHAMBERS |
| Texas State Bar No. 00794818 | Texas State Bar No. 00792160 |
| Ward & Smith Law Firm | gchambers@mckoolsmith.com |
| 111 W. Tyler St. | 300 Crescent Court, Suite 1500 |
| Longview, Texas 75601 | Dallas, Texas 75201 |
| Telephone (903) 757-6400 | Telephone: (214) 978-4000 |
| Facsimile (903) 757-2323 | Facsimile: (214) 978-4044 |
| jw@jwfirm.com | |

George P. McAndrews
Thomas J. Wimbiscus
Peter J. McAndrews
Gerald C. Willis
McAndrews, Held & Malloy, Ltd.
500 W. Madison Street, 34th Floor
Chicago, Illinois 60661
Telephone (312) 775-8000
Facsimile (312) 775-8100
pmcandrews@mcandrews-ip.com

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

CHARLES K. VERHOEVEN
LEAD COUNSEL
Cal. Bar No. 170151
charlesverhoeven@quinnemanuel.com
KATHERINE H. BENNETT
katherinebennett@quinnemanuel.com
Cal. Bar. No. 250175
KEVIN A. SMITH
Cal. Bar No. 250814
kevinsmith@quinnemanuel.com
50 California St., 22nd Floor
San Francisco, CA 94111

VICTORIA F. MAROULIS
Cal. Bar No. 202603 (admitted in E.D. Tex.)
victoriamaroulis@quinnemanuel.com
SAYURI K. SHARPER
Cal. Bar No. 232331
sayurisharper@quinnemanuel.com
555 Twin Dolphin Dr., Suite 560
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 17th day of April, 2008.

Eric M. Albritton