UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

ESN, LLC,

        Plaintiff,

v.

CISCO SYSTEMS, INC. and
CISCO-LINKSYS LLC,

        Defendants.

CIVIL ACTION NO. 5:08-cv-20

**JURY TRIAL DEMANDED**

## PROTECTIVE ORDER

This protective order ("Protective Order") is issued to expedite the flow of discovery

materials, to facilitate the prompt resolution of disputes over confidentiality of discovery

materials, to adequately protect information the parties are entitled to keep confidential, to

ensure that only materials the parties are entitled to keep confidential are subject to such

treatment, and to ensure that the parties are permitted reasonably necessary uses of such

materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c) and any

other applicable rule of this Court.  Unless modified, superseded or terminated pursuant to the

terms contained in this Order, this Protective Order shall remain in effect through the conclusion

of this litigation and thereafter as set forth below.

In support of this Protective Order, the Court finds that:

1.        Documents and/or information containing confidential research, development,

business and/or commercial information and/or trade secrets within the meaning of Rule 26(c)

("Confidential Information")  are likely to be disclosed or produced during the course of

discovery in this litigation;

Dockets.Justia.com

2.      The parties to this litigation may assert that public dissemination and disclosure of Confidential Information could severely injure or damage the party disclosing or producing the Confidential Information and/or could place that party at a competitive disadvantage;

3.      Counsel for the party or parties receiving Confidential Information are presently without sufficient information to accept the representation(s) made by the party or parties producing Confidential Information as to the confidential, proprietary, and/or trade secret nature of such Confidential Information; and

4.      To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Protective Order should  be entered.

**IT IS THEREFORE ORDERED THAT:**

1.      This Protective Order shall apply to all information, documents and things subject to discovery in this Action produced either by a party or a non-party in discovery in this Action ("Action" shall include without limitation this litigation and any adjunct subpoena proceedings incident hereto before any tribunal) including, without limitation, testimony adduced at deposition upon oral examination or upon written questions, answers to interrogatories, documents and things produced, information obtained from inspection of premises or things, and answers to requests for admission, or information disclosed pursuant to subpoena under Fed. R. Civ. P. 45 ("Discovery Material").

2.      Discovery Material containing Confidential Information is referred to as "Confidential Material."  The following is not Confidential Material: (i) material which, on its face, shows or which, through other evidence, the receiving party can show has been published to the general public; (ii) information that the receiving party can show was lawfully in the

receiving party's possession prior to being designated as Confidential Material in this litigation and that the receiving party is not otherwise obligated to treat as confidential; (iii) information that the receiving party can show was obtained (without any benefit or use of Confidential Material) from a third party having the right to disclose such information to the receiving party without restriction or obligation of confidentiality; (iv) information which, after its disclosure to a receiving party, is published to the general public by a party having the right to publish such information; (v) information that the receiving party can show by written record was independently developed by it after the time of disclosure by personnel who did not have access to the producing party's Confidential Material, or (vi) information that was submitted to a governmental entity without request for confidential treatment.

3.      In determining the scope of information which a party may designate as its Confidential Material, each party acknowledges the importance of client access to information necessary to client decision-making in the prosecution or defense of litigation, and therefore agrees that designations of information as Confidential Material and responses to requests to permit further disclosure of Confidential Material shall be made in good faith and not (1) to impose burden or delay on an opposing party or (2) for tactical or other advantage in litigation.

4.      The producing party shall label or mark each document and thing that it deems to be Confidential Materials with the following term:

"**CONFIDENTIAL**"

5.      The parties may designate as "CONFIDENTIAL -- OUTSIDE COUNSEL ONLY" those Confidential Materials that contain Confidential Information that is especially sensitive and could cause significant competitive harm if disclosed to an unauthorized person, including, without limitation, pending but unpublished patent applications, information

concerning research, development and other activities related to unreleased products, license agreements and other highly confidential technical, research and development, and financial information. This designation shall be made in good faith.  The parties shall label or mark each such document or thing with the following term:

"**CONFIDENTIAL -- OUTSIDE COUNSEL ONLY**"

6.     As used herein, the term 'Computer Source Code' means computer source code or similarly highly confidential programming statements and/or instructions that in general are converted into machine language--or used in support of converting source code into machine language--by compilers, assemblers, or interpreters, and source code comments revision histories, and data that are held by a party within its source code control system.  Design documents, product and program specifications, and similar documents such as flow charts and functional diagrams, generally are not "Computer Source Code," shall not be designated as "HIGHLY RESTRICTED CONFIDENTIAL" and shall be treated and produced consistent with documents designated at levels of confidentiality lower than the "HIGHLY RESTRICTED CONFIDENTIAL" designation.  The parties acknowledge that because of the highly sensitive nature of Computer Source Code and because of the ease with which electronic media may be copied, transported, or stolen, a distinct level of protection is required for Computer Source Code as to which CONFIDENTIAL -- OUTSIDE COUNSEL ONLY designation would not provide adequate protection to the interests of the designating party and whose wrongful dissemination could result in irreparable harm to the designating party.  Such information may be designated as "Highly Restricted Confidential" by labeling or marking each such document or thing with the following:

"**HIGHLY RESTRICTED CONFIDENTIAL**"

Such designations shall be made only in good faith and should be used only for Computer
Source Code as defined above.

7.      The labeling or marking of a document or tangible thing with the designation
"CONFIDENTIAL," "CONFIDENTIAL -- OUTSIDE COUNSEL ONLY" or "HIGHLY
RESTRICTED CONFIDENTIAL" shall be made when a copy of the document or thing is
provided to the receiving party by placing the legend "CONFIDENTIAL," "CONFIDENTIAL --
OUTSIDE COUNSEL ONLY" or "HIGHLY RESTRICTED CONFIDENTIAL," on the face of
each such document or thing.   Any such designation that is inadvertently omitted or
misdesignated may be corrected by written notification to counsel for the receiving party, and
the receiving party shall thereafter mark and treat the materials as "CONFIDENTIAL,"
"CONFIDENTIAL -- OUTSIDE COUNSEL ONLY," or "HIGHLY RESTRICTED
CONFIDENTIAL," as appropriate, and such material shall be subject to this Protective Order as
if it had been initially so designated.  If, prior to receiving such notice, the receiving party has
disseminated the Confidential Material to individuals not authorized to receive it hereunder, it
shall make a reasonable effort to retrieve the Confidential Material or to otherwise assure that the
recipient(s) properly mark the Confidential Material and maintain the confidentiality of the
Confidential Material, but shall have no other responsibility or obligation with respect to the
information disseminated.

8.      In the case of deposition upon oral examination or written questions, such
testimony shall be deemed "CONFIDENTIAL -- OUTSIDE COUNSEL ONLY" until the
expiration of thirty (30) days after the deposition unless otherwise designated at the time of the
deposition or during the thirty (30) day period.  Pages or entire transcripts of testimony given at
a deposition or hearing may be designated as containing "CONFIDENTIAL,"

"CONFIDENTIAL -- OUTSIDE COUNSEL ONLY," or "HIGHLY RESTRICTED CONFIDENTIAL" information by an appropriate statement either at the time of the giving of such testimony or by written notification within thirty (30) days after the deposition.  If the testimony is not otherwise designated at the time of the deposition or during the thirty (30) day period after the deposition, the testimony will be deemed to be **not** "CONFIDENTIAL."

9.      In the case of written discovery responses and the information contained therein, the responses may be designated as containing "CONFIDENTIAL," "CONFIDENTIAL -- OUTSIDE COUNSEL ONLY," or "HIGHLY RESTRICTED CONFIDENTIAL" information by means of a statement at the conclusion of each response that contains such information specifying the level of designation of the Confidential Information and by placing a legend on the front page of such discovery responses stating:  "CONTAINS CONFIDENTIAL INFORMATION/[the highest level of designation contained in the answers]."  Any such designation that is inadvertently omitted or mis-designated may be corrected within thirty (30) days of service of such discovery responses by written notification to counsel for the receiving party, and the receiving party shall thereafter mark and treat the materials as "CONFIDENTIAL," "CONFIDENTIAL -- OUTSIDE COUNSEL ONLY," or "HIGHLY RESTRICTED CONFIDENTIAL," as appropriate, and such material shall be subject to this Protective Order as if it had been initially so designated.  If, prior to receiving such notice, the receiving party has disseminated the Confidential Material to individuals not authorized to receive it hereunder, it shall make a reasonable effort to retrieve the Confidential Material or to otherwise assure that the recipient(s) properly mark and maintain the confidentiality of the Confidential Material, but shall have no other responsibility or obligation with respect to the information disseminated.

10.    In the case of Confidential Information not reduced to documentary or tangible form or which cannot be conveniently designated as set forth above, such information may be designated "CONFIDENTIAL," "CONFIDENTIAL -- OUTSIDE COUNSEL ONLY," or "HIGHLY RESTRICTED CONFIDENTIAL" information by informing the receiving party of the designation in writing either at the time of transfer of such information or within thirty (30) days after the transfer of such information.

11.    Any documents or tangible things made available for inspection prior to producing copies of selected items shall initially be deemed "CONFIDENTIAL -- OUTSIDE COUNSEL ONLY" unless otherwise designated at the time of inspection and shall be subject to this Protective Order.  Thereafter, the producing party shall have a reasonable time to review and designate the documents as set forth in paragraph 7 above prior to furnishing copies to the receiving party.

12.    **Disclosure of CONFIDENTIAL -- OUTSIDE COUNSEL ONLY Material**. CONFIDENTIAL -- OUTSIDE COUNSEL ONLY material and any information contained therein shall be disclosed only to the following persons:

a.    Counsel of record in this action for the receiving party, including both local and trial counsel, provided such persons agree to be bound by this Protective Order.

b.    Employees and agents of such counsel including paralegals, litigation support services, secretarial and clerical staff as well as the following categories of persons provided that such persons have no involvement in addressing any matter regarding the substantive issues in the case:  independent legal translators retained to translate in connection with this action; independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action; graphics, translation, or design services retained by

counsel of record for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action; and non–technical jury or trial consulting services (expressly excluding mock jurors) provided such individuals agree to be bound by this Protective Order;

      c.     The Court, its personnel and stenographic reporters (with such CONFIDENTIAL -- OUTSIDE COUNSEL ONLY Material having been filed under seal or with other suitable precautions as determined by the Court);

      d.     At a deposition or at trial, any person who authored or previously received the Confidential Material and, subject to timely objection including objection that such person is not internally authorized to receive such information, any person currently employed by the designating party; and

      e.     Any independent experts or consultants, and employees and assistants under the control of such expert or consultant, who (1) is engaged by counsel of record in this action, whether or not such expert or consultant is paid directly by a party, and (2) is not regularly employed by or associated with a party hereto, other than by the designating party, provided however that disclosure to such persons shall be made only on the conditions set forth in paragraphs 15 and 16 below.

      13.    **Disclosure of CONFIDENTIAL Material**.  CONFIDENTIAL material and any information contained therein may be disclosed to the persons designated in paragraphs 12(a), 12(b), 12(c), 12(d) and 12(e) above.  Additionally, provided that disclosure to such persons shall be made only on the conditions set forth herein, CONFIDENTIAL material may be disclosed to: (a) no more than two (2) in-house counsel who act in a legal capacity for the receiving party, who are responsible for supervising this Action; (b) Brian Hollander on behalf of ESN; and (c)

no more than one (1) employee of the defendants, designated in writing.  Upon good cause

shown, the defendants may substitute a different designated employee and ESN may designate a

substitute for Brian Hollander.

Disclosure and dissemination of documents marked "CONFIDENTIAL" to such in-house

counsel or employee shall be made only under the following conditions:

a.     One copy of any document marked "CONFIDENTIAL" may be provided by the

party receiving it to each such individual where such documents are made exhibits to, are

referred to or are relied on in connection with any motions, briefs or other papers filed with the

Court or served by the producing party in this action; and

b.     Otherwise, such individuals may only view materials marked "CONFIDENTIAL"

in the presence of outside counsel of record for the receiving party at outside counsel's offices,

and shall not be provided with or be permitted to create or remove copies of such documents, nor

be provided with or be permitted to create or remove any summaries, abstracts, compilations,

notes or any other type of memorial or record of such documents.

14.     **<u>Disclosure of HIGHLY RESTRICTED CONFIDENTIAL Material</u>**.

HIGHLY RESTRICTED CONFIDENTIAL material and any information contained therein may

be disclosed only to the following persons and in strict accordance with the following

procedures:

a.     HIGHLY RESTRICTED CONFIDENTIAL material, to the extent in electronic

format, will be provided on two standalone computers with all ports, software and other avenues

that could be used to copy or transfer such data blocked ("Standalone Computers").  The

Standalone Computers will enable two persons separately to access simultaneously copies of the

Computer Source Code.  The Standalone Computers shall be maintained in the sole control and

custody of counsel of record for the producing party and shall be maintained in the United States at an office of counsel of record for the producing party or at such other location as shall be mutually agreed to by the parties. A designating party shall make its Computer Source Code available for inspection by those individuals acting for the receiving party who are authorized under this Order to have access to information designated HIGHLY RESTRICTED CONFIDENTIAL.

b.    HIGHLY RESTRICTED CONFIDENTIAL material, to the extent not in electronic format, shall be designated using the same processes applied to CONFIDENTIAL and CONFIDENTIAL -- OUTSIDE COUNSEL ONLY materials described in paragraphs 7 – 10 above.

c.    Only persons designated under paragraph 12(a) and 12(e) above shall have access to the Standalone Computer provided however that the following additional restrictions shall apply to such access:

(i)    The designating party must allow access to the Standalone Computers containing its Computer Source Code on reasonable terms and after reasonable notice by the requesting party. Generally, reasonable terms and notice are as follows: the Computer Source Code should be made available during regular business hours (9:00 a.m. to 6:00 p.m. local time), so long as notice is provided to the designating party by not later than 10:00 a.m. local time two days prior to the day upon which access is desired. Access will also be provided on Saturdays and Sundays, so long as actual notice is provided to the designating party by not later than 10:00 a.m. local time on the Wednesday before the weekend for which access is requested. Access from 6:00 p.m. through 12:00 midnight local time on weekdays shall be provided so long as actual notice

of such need is provided to the designating party by not later than 10:00 a.m. local time on the business day two days prior to the day upon which access is requested after 6:00 p.m. The requesting party shall make its best efforts to restrict its access to normal business hours. Counsel of record for the receiving party shall provide with the notice a list of individuals including attorneys seeking to access such Standalone Computers and the designating party shall have the right to object to such access in accordance with paragraph 14 herein; and

(ii)     Each time a person accesses the Standalone Computers, the person shall sign a sign-in sheet prior to, and a sign-out sheet subsequent to, accessing the Standalone Computers including the name of the person accessing, the date and time in and out, and whether any hard copies were made.

d.     The receiving party shall not have the right to, and agrees not to, copy, transmit or duplicate HIGHLY RESTRICTED CONFIDENTIAL materials in any manner, including scanning or otherwise creating an electronic image of the HIGHLY RESTRICTED CONFIDENTIAL materials, except as set forth herein.

(i)     A laser printer with an adequate paper supply shall be attached to the Standalone Computers and the receiving party shall make no more than 1,500 total pages of hard copies of HIGHLY RESTRICTED CONFIDENTIAL material that they in good faith consider to be necessary to proving the elements of their case. In the event that the receiving party feels that this disclosure is inadequate, it may petition the Court for additional pages after reasonable time for review by the receiving party's expert.

(ii)     Whenever hard copies are made, copies of the hard copies shall be provided to counsel for the producing party along with an identification of when the

copies were made and who made them.

(iii)    Any hard copies shall be conspicuously marked HIGHLY RESTRICTED CONFIDENTIAL in conformity with paragraphs 6 – 10 above.

(iv)    Receiving party shall keep a log including:  (a) the custodian of each copy of any HIGHLY RESTRICTED CONFIDENTIAL materials; (b) the name of all persons accessing the HIGHLY RESTRICTED CONFIDENTIAL materials; and (c) the date and time of access of the HIGHLY RESTRICTED CONFIDENTIAL materials.

(v)    Authorized persons may use software tools of their choosing for searching and inspecting the Computer Source Code and the designating party shall load such software tools on the Standalone Computers upon request by the receiving party.  Such software tools shall include a version of Vi and/or a version of Emacs as specified by the receiving party.

(vi)    Each Standalone Computer shall, at a minimum, include a color video monitor, a keyboard, a mouse, and an attached printer for printing electronic source code analyses. Each secure computer shall also have installed the standard Windows XP installation, including the WordPad and Notepad applications.  The secure computer shall contain, at a minimum, an Intel Pentium family processor with a 1 gigahertz or higher processor clock speed, 1 gigabyte of RAM, and sufficient hard drive space to accommodate the Windows XP installation and the electronic source code.

e.    All HIGHLY RESTRICTED CONFIDENTIAL materials, including all copies, in the possession of the receiving party shall be maintained in a secured, locked area.

f.    All HIGHLY RESTRICTED CONFIDENTIAL materials utilized during a deposition or marked as an exhibit at a deposition will be retrieved by the party conducting the

deposition at the end of each day.  At no time, will any HIGHLY RESTRICTED

CONFIDENTIAL material be given to or left with the Court Reporter or any other individual.

       g.      Receiving party shall not convert any of the information contained in the hard

copies into an electronic format, except when reproducing excerpts of the information in an

expert report or a court filing, and then only according to the additional restrictions on HIGHLY

RESTRICTED CONFIDENTIAL materials contained in this Order.

       h.      At least sixty (60) days prior to the scheduled trial date, the parties shall meet and

confer to discuss whether alternative arrangements should be made for the production of the

COMPUTER SOURCE CODE just prior to, and during, trial.

       i.      Modification of Source Code Provisions – The parties stipulated to the treatment

of Computer Source Code in an effort to balance the parties' security concerns against their

burdens in having to review and produce the information.  Should one or both of the parties

come to believe that these provisions do not achieve this objective after a reasonable trial period,

they may seek to modify these provisions pursuant to paragraph 24 and the trial period shall not

prejudice their rights to seek such relief.

       j.      <u>Export Control Requirements:</u>  Notwithstanding anything to the contrary

contained herein, the following additional requirements apply to HIGHLY RESTRICTED

CONFIDENTIAL source code:

       (i)      The receiving party acknowledges that the HIGHLY RESTRICTED

CONFIDENTIAL source code received under this Protective Order may be subject to

export controls under the laws of the United States and other applicable laws.  The

receiving party shall comply with such laws and agrees not to knowingly export, re-

export or transfer HIGHLY RESTRICTED CONFIDENTIAL source code of the

producing party without first obtaining all required United States or any other applicable authorizations or licenses.  The receiving party acknowledges that HIGHLY RESTRICTED CONFIDENTIAL source code disclosed by the producing party may be subject to, including but not limited to, the U.S. Export Administration Regulations (EAR), Export Control Classification Number (ECCN) 5E001 pertaining to Dynamic Adaptive Routing, Optical Switching, SS7, non-aggregated port speed data transfer rates exceeding 15Gbps; and ECCN 5E002 cryptography.

       (ii)    The receiving party agrees to maintain adequate controls to prevent nationals of countries listed in the EAR, Part 740 Supplement No. 1, Country Group D:1 or E from accessing the producing party's HIGHLY RESTRICTED CONFIDENTIAL source code, subject to ECCN 5E001; or nationals outside the U.S. and Canada from accessing such HIGHLY RESTRICTED CONFIDENTIAL source code, subject to ECCN 5E002 -- without U.S. Government authorization.  The receiving party furthermore, agrees to notify the producing party prior to granting a foreign national, of countries listed in the groups D:1 or E, access to the Standalone Computer, access to hard copes of HIGHLY RESTRICTED CONFIDENTIAL source code, or placement on a project requiring receipt or review of the producing party's HIGHLY RESTRICTED CONFIDENTIAL source code.  The term "national" is defined as any person who is not a U.S. person or national/citizen, lawful permanent resident, person granted asylum or refugee status, or temporary resident granted amnesty.

15.    The Plaintiff, any attorney representing Plaintiff, whether in-house or outside counsel, and any person retained by Plaintiff or attorneys of Plaintiff who obtains, receives, has access to, or otherwise learns, in whole or in part, technical information designated

CONFIDENTIAL -- OUTSIDE COUNSEL ONLY or HIGHLY RESTRICTED

CONFIDENTIAL under this Protective Order shall not prepare, prosecute, supervise, or assist in

the prosecution of any patent application pertaining to the subject matter of the patent-in-suit

within two (2) years from disclosure of the technical information or one (1) year after conclusion

of the litigation (including any appeals), whichever period is longer.  To ensure compliance with

the purpose of this provision, Plaintiff shall create an ethical wall between those persons with

access to technical information designated CONFIDENTIAL -- OUTSIDE COUNSEL ONLY or

HIGHLY RESTRICTED CONFIDENTIAL and those individuals who prepare, prosecute,

supervise, or assist in the prosecution of any patent application pertaining to the same or

substantially the same subject matter of the patent-in-suit.

     16.     Trial counsel desiring to disclose Confidential Materials to experts or consultants

specified in paragraphs 12(e) or 13 above shall first obtain a signed undertaking, in the form of

Exhibit A attached hereto, from each such expert or consultant, and such counsel shall retain in

his/her files the original of each such signed undertaking.  A copy of the proposed undertaking

shall be forwarded to opposing counsel with the current curriculum vitae for such expert or

consultant.  No Confidential Materials shall be disclosed to such expert or consultant until after

the expiration of a seven (7) business day period commencing with the service of a copy of the

proposed undertaking and curriculum vitae, provided, however, that if during that seven (7)

business day period opposing counsel makes an objection to such disclosure, there shall be no

disclosure of Confidential Materials to such expert or consultant, except by mutual agreement of

the parties or further order of the Court.  The party desiring disclosure of such Confidential

Materials shall have the burden of filing a motion with the Court seeking leave to make such

disclosure.

17.     The restrictions on the use of Confidential Materials established by this Protective Order are applicable only to the use of information received by a party from another party or from a nonparty.  A party is free to use its own information as it pleases.

18.     Any party may file or lodge with the Court documents or tangible items designated as CONFIDENTIAL, CONFIDENTIAL -- OUTSIDE COUNSEL ONLY, or HIGHLY RESTRICTED CONFIDENTIAL.  Any briefs, transcripts, exhibits, depositions, or documents which are filed with the Court which comprise, embody, summarize, discuss, or quote from documents or tangible things designated as CONFIDENTIAL, CONFIDENTIAL -- OUTSIDE COUNSEL ONLY, or HIGHLY RESTRICTED CONFIDENTIAL material shall be sealed, unless the parties otherwise agree in writing or the Court otherwise orders.  Where reasonably practicable, only the portions of documents consisting of such items or information shall be lodged under seal.  Such items or information shall be filed or lodged in sealed envelopes or other appropriate sealed containers.  Each sealed envelope or container shall be endorsed with the title and case number of this action, and a statement in substantially the following form:

> CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.  THE MATERIALS CONTAINED HEREIN HAVE BEEN DESIGNATED AS CONFIDENTIAL [CONFIDENTIAL -- OUTSIDE COUNSEL ONLY or HIGHLY RESTRICTED CONFIDENTIAL] PURSUANT TO PROTECTIVE ORDER AND MAY NOT BE EXAMINED OR COPIED EXCEPT BY THE COURT OR PURSUANT TO COURT ORDER.

19.     The acceptance by a party of documents designated as CONFIDENTIAL, CONFIDENTIAL -- OUTSIDE COUNSEL ONLY, or HIGHLY RESTRICTED CONFIDENTIAL shall not constitute an agreement, admission or concession, or permit an inference, that the material(s) are in fact properly the subject for protection under Fed. R. Civ.

P.26 (c), or some other basis. Documents designated CONFIDENTIAL, CONFIDENTIAL --

OUTSIDE COUNSEL ONLY, or HIGHLY RESTRICTED CONFIDENTIAL shall be treated in

accordance with the provisions of this Protective Order, except that any party may at any time

seek an Order from the Court determining that specified information or categories of information

are not properly designated as CONFIDENTIAL, CONFIDENTIAL -- OUTSIDE COUNSEL

ONLY, or HIGHLY RESTRICTED CONFIDENTIAL, *provided that* prior to making such a

motion the parties shall meet and confer in good faith to resolve any differences over the

designation. In response to the filing of such a motion, the party challenging confidentiality

shall have the burden of proving that the Confidential Material in question is not protectable

under Fed. R. Civ. P.26 (c) or some other basis, or, as the case may be, that the designation of

CONFIDENTIAL -- OUTSIDE COUNSEL ONLY or HIGHLY RESTRICTED

CONFIDENTIAL is NOT necessary under the circumstances. A party shall not be obligated to

challenge the propriety of a designation of Confidential Material at the time made, and failure to

do so shall not preclude subsequent challenge. Should any party (or non-party) seek an Order

from the Court to determine whether specified information or categories of information are not

properly designated as CONFIDENTIAL, CONFIDENTIAL -- OUTSIDE COUNSEL ONLY,

or HIGHLY RESTRICTED CONFIDENTIAL, the claimed designation shall remain operative

and respected by all the parties and non-parties pending the Court's ruling.

       20.    Nothing in this Protective Order shall require disclosure of material that a party

contends is protected from disclosure by the attorney-client privilege or the attorney work-

product immunity or any other applicable privilege. This shall not preclude any party from

moving the Court for an Order directing the disclosure of such material.

21.     Inadvertent production or disclosure of documents or information subject to the attorney-client privilege, work product immunity or any other applicable privilege shall not constitute a waiver of, nor a prejudice to, any claim that such or related material is privileged or protected by the work product immunity or any other applicable privilege, provided that the producing party notifies the receiving party in writing promptly after discovery of such inadvertent production.  Such inadvertently produced documents or information, including all copies thereof, shall be returned to the producing party immediately upon request.  No use shall be made of such documents or information during deposition or at trial, nor shall such documents or information be shown to anyone who has not already been given access to them subsequent to the request that they be returned.  In the case of an inadvertently produced document, the producing party shall then provide a privilege log identifying such inadvertently produced document.  The receiving party may move the Court for an Order compelling production of any inadvertently produced document or information, but the motion shall not assert as a ground for production the fact of the inadvertent production, nor shall the motion disclose or otherwise use the content of the inadvertently produced document or information (beyond any information appearing on the above-referenced privilege log) in any way in connection with any such motion.

22.     In the event of any accidental or inadvertent disclosure of Confidential Material other than in a manner authorized by this Protective Order, counsel for the party responsible for the disclosure shall immediately notify opposing counsel of all the pertinent facts, and make every effort to prevent further unauthorized disclosure including retrieving all copies of the Confidential Material from the recipient(s) thereof and securing the agreement of the recipients

not to further disseminate the Confidential Material in any form.  Compliance with the foregoing shall not prevent a party from seeking further relief from the Court.

23.     In addition the specific requirements set forth in paragraph 14 hereof regarding the handling of HIGHLY RESTRICTED CONFIDENTIAL materials, the recipient of any Confidential Material shall maintain such information in a secure and safe place, and shall exercise at least the same degree of care in handling the Confidential Material as is exercised by the recipient with respect to its own Confidential Material and to confidential information of a similar nature, but in no event less than due care.  Each recipient of any Confidential Material hereby agrees to be subject to the jurisdiction of this Court for purposes of the implementation and enforcement of this Protective Order.

24.     This Protective Order shall not prevent the parties from applying to the Court for relief therefrom or modification thereto, or from applying to the Court for further or additional relief by way of protective orders or otherwise, or from agreeing between themselves to modifications of this Protective Order.

25.     Confidential Materials shall be used solely for the purposes of this Action and shall not be used for any other purpose except as expressly provided herein or by further Order of the Court.

26.     In the event that a party desires to provide access to or disseminate Confidential Materials to any person not entitled to access under this Protective Order, it may move the Court for an order that such person be given access thereto if the parties cannot, after negotiating in good faith, agree to such additional access or dissemination.

27.     Within thirty (30) days after the final conclusion of this Action ("Termination of Action"), including any appeals, all Confidential Materials (except HIGHLY RESTRICTED

CONFIDENTIAL materials) produced by any party, and all copies of such information, shall be returned to the producing party, or counsel of record shall certify in writing that such material has been destroyed.  Within ten (10) days after the final conclusion of this Action, including any appeals, all HIGHLY RESTRICTED CONFIDENTIAL materials produced by any party shall be returned to the producing party along with certification by outside counsel of record and any other individuals who accessed such materials that all such materials have been returned. Counsel of record may retain a copy of all correspondence, pleadings, motion papers, discovery responses, deposition and trial transcripts, legal memoranda and work product.

28.     This Protective Order shall survive the final termination of this Action with respect to any retained Confidential Materials.

29.     Nothing in this Protective Order shall prevent or otherwise restrict outside counsel from rendering advice to their clients and, in the course thereof, relying generally on Confidential Material; provided, however, that in rendering such advice counsel shall not disclose, reveal or describe any such materials except insofar as allowed (if allowed at all) under the terms of this Order.

30.     If a party wishes to use Confidential Material at the examination at deposition or trial of any witness not entitled to have access to such Confidential Materials, such Party shall obtain the consent of the producing party, in advance, and the failure of the examining attorney to obtain such consent or order of the Court shall not be grounds for delaying the deposition or trial or their progress, unless, in the case of a deposition, all persons attending the deposition consent, and in the case of trial the Court so rules.  Where Confidential Material may be revealed or referred to in a question that will be put to the witness at a deposition upon oral examination or Confidential Materials will be used as exhibits during the examination, the producing party

may require that all persons in attendance who are not entitled access to such Confidential

Material under this Protective Order leave the room until such line of inquiry is completed.

Where Confidential Material may be revealed or referred to in a question that will be put to the

witness at trial upon oral examination or Confidential Materials will be used as exhibits during

the examination, the producing party may request that the Court require that all persons in

attendance who are not entitled access to such Confidential Material under this Protective Order

leave the courtroom until such line of inquiry is completed

31.    No copy of any transcript of any deposition which is designated, in part or in

whole, as CONFIDENTIAL, CONFIDENTIAL -- OUTSIDE COUNSEL ONLY, or HIGHLY

RESTRICTED CONFIDENTIAL shall be furnished by the court reporter to any person other

than to counsel of record and counsel for a non-party, if the furnished transcript is of the non-

party's own deposition.  The original of any transcript of any deposition designated as

CONFIDENTIAL, CONFIDENTIAL -- OUTSIDE COUNSEL ONLY or HIGHLY

RESTRICTED CONFIDENTIAL, if required to be filed, shall be filed with the Court under seal

in accordance with paragraph 18 hereof, unless otherwise agreed by the producing party.

32.    The terms of this Protective Order may be applied to the Confidential Materials of

a non-party, as long as that non-party agrees in writing to be bound by the terms of this

Protective Order.

33.    By affixing their signatures below, the parties agree to abide by the terms of this

Stipulation until this Protective Order or a further protective order is entered by the Court.  Upon

the signing of this Order by the District Court Judge, this Protective Order shall be effective as

against all party signatories hereto as of the date of such signature of that party or party's

representative, thereby rendering this Protective Order effective nunc pro tunc to the date of such

party's signature.

**SIGNED this 5th day of June, 2008.**


DAVID FOLSOM
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**UNDERTAKING CONCERNING RECEIPT OF CONFIDENTIAL
MATERIALS SUBJECT TO PROTECTIVE ORDER**

I, _____ declare that:

1.      My present residential address

is_____.

2.      My present employer is _____

and the address of my present employer is

_____.

3.      My present occupation or job description is

_____.

4.      I have received and carefully read the Protective Order in this Action dated

_____, and understand its provisions.  As a condition precedent to receiving any

Confidential Materials, as such are defined in the Protective Order, I agree to subject myself to

the personal jurisdiction of this Court with respect to the enforcement of the provisions of the

attached Protective Order.  I understand that I am obligated, under Order of the Court, to hold in

confidence and not to disclose the contents of any document marked or later designated pursuant

to the Protective Order as CONFIDENTIAL, CONFIDENTIAL -- OUTSIDE COUNSEL

ONLY, or HIGHLY RESTRICTED CONFIDENTIAL to anyone other than those persons

identified in paragraphs 12, 13, and 14 of the Protective Order to the extent that such persons are

qualified to review such information.  I further understand that I am not to disclose to persons

other than those persons identified in paragraphs 12, 13, and 14 of the Protective Order any words, substances, summaries, abstracts or indices of Confidential Materials or transcripts disclosed to me. In addition to the foregoing, I understand that I must abide by all of the provisions of the Protective Order.

5.    At the termination of this Action or at any time requested by counsel of record in this Action, I will return to counsel of record in this Action all documents and other materials, including notes, computer data, summaries, abstracts, or any other materials including or reflecting Confidential Materials which have come into my possession, and will return all documents or things I have prepared relating to or reflecting such information.

6.    I understand that if I violate the provisions of this Protective Order, I will be in violation of a Court Order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil Action for damages by the disclosing party.

7.    I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.


Executed on: _____       Name:_____