UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| ESN, LLC,<br><br>        Plaintiffs,<br><br>vs.<br><br>CISCO SYSTEMS, INC. and CISCO-LINKSYS LLC,<br><br>        Defendants. | CASE NO. 5:08-CV-20-DF<br><br>**JURY TRIAL DEMANDED** |

### **DEFENDANTS' MOTION TO STAY PENDING REEXAMINATION**

Defendants Cisco Systems, Inc. and Cisco-Linksys LLC, (collectively "Cisco") hereby move to stay all proceedings in this case pending a final decision on the *inter partes* reexamination of U.S. Patent No. 7,283,519 entitled "Distributed Edge Switching System for Voice-Over-Packet Multiservice Network" ("the '519 patent") at issue in this action. Pursuant to Local Rule 7(g), Cisco also hereby requests oral argument on this motion. A stay is both appropriate and necessary since the case is still in its early stages, ESN will not be unduly prejudiced by the stay, and a final PTO determination that the patent is invalid will likely result in dismissal of the suit.

The '519 patent is the focus of an *inter partes* reexamination proceeding before the Patent Office. In its first Office Action, mailed June 13, 2008, the Patent Office found: 1) a substantial new questions of patentability regarding every claim of the '519 patent; and 2) rejected every claim of the '519 patent as invalid over the prior art cited by Cisco. Therefore, it is very likely that the Patent Office will invalidate some or all of the asserted claims. Even if some claims survive the *inter partes* reexamination proceeding, they are likely to have been amended to

overcome the Patent Office's rejections. Therefore, the *inter partes* reexamination proceeding has a high likelihood of disposing of the case entirely, resolving some issues of fact for trial, or altering the issues to be decided. Granting a stay of this litigation pending the resolution of the *inter partes* reexamination will preserve judicial resources, hone the issues for the Court, and generally encourage the efficient resolution of the case.

## Statement of Facts

On January 31, 2008 ESN filed a complaint against Cisco alleging infringement of the '519 patent and claiming a violation of ESN's provisional patent rights under 35 U.S.C. § 154(d). The '519 patent relates to communicating voice and other data over a packet-switched broadband network. The Court has set a claim construction hearing for June 11, 2009 and a trial date for April 16, 2010. Thus far, the parties have exchanged infringement and invalidity contentions and an initial round of discovery requests. No depositions have occurred, a protective order has only just been entered, and relatively little document production has taken place.

Only one week after ESN filed its complaint in this case, Cisco requested that the Patent Office reexamine the '519 patent. On April 16, 2008, just over two months after it was filed, the Patent Office granted Cisco's request for *inter partes* reexamination, noting that an Office Action on the merits would follow in due course. On June 13, 2008, the Patent Office mailed its 243-page non-final Office Action to the parties in which it agreed that the thirteen prior-art references cited by Cisco, either alone or in combination, rendered every claim unpatentable on multiple grounds. (*See* Smith Decl. Ex. 1 at 2-12.) For example, the Patent Office rejected claim one of the '519 patent based on ***nine*** separate anticipating references. (*See id.*) Similarly, the Patent

Office found that claim sixteen was obvious based on **twenty-one** separate combinations of references. (*See id*.)

The Patent Office set a shortened statutory period of August 13, 2008 as the due date for a response by ESN. (*Id.* at PTOL-2071.) Additionally, the Patent Office concluded by emphasizing that, because the reexamination was *inter partes*, it would "be conducted with special dispatch." *Id*. at 5 (citing 37 CFR 1.937).

## Argument

District Courts follow a liberal policy in granting motions to stay patent litigation pending reexamination results since Congress set-up the procedure to provide "an inexpensive, expedient means of determining patent validity" that should be deferred to by the courts. *ASCII Corp. v. STD Entm't USA, Inc.*, 844 F. Supp. 1378, 1380 (N.D. Cal. 1994). This Court has noted a number of specific advantages to granting a stay during the pendency of a reexamination request, including:

> 1. All prior art presented to the Court will have been first considered by the PTO with its particular expertise;
> 2. Many discovery problems relating to the prior art can be alleviated by the PTO examination;
> 3. In those cases resulting in effective invalidity of the patent, the suit will likely be dismissed;
> 4. The outcome of the reexamination may encourage a settlement without the further use of the Court;
> 5. The record of reexamination would likely be entered at trial, thereby reducing the complexity and length of the litigation;
> 6. Issues, defenses and evidence will be more easily limited in pre-trial conferences after a reexamination; and
> 7. The cost will likely be reduced both for the parties and the Court.

*Datatreasury Corp. v. Wells Fargo & Co.*, 490 F. Supp. 2d 749, 754 (E.D. Tex. 2006) (Folsom, J.). Each of these benefits is applicable to this case.

These advantages are even greater where, as in this case, the reexamination is *inter partes*. *See Tomco Equip. Co. v. Southeastern Agri-Sys., Inc.*, 542 F. Supp. 2d 1303 (N.D. Ga. 2008). Because *inter partes* reexamination allows the requesting party to participate in the reexamination process, the results are binding on the requestor. 35 U.S.C. § 315(c); *Procter & Gamble Co. v. Kraft Foods Global, Inc.*, No. C 07-4413, 2007 WL 2990152, at *1 (N.D. Cal. Oct. 11, 2007) ("[A]n *inter partes* reexamination can have no other effect but to streamline ongoing litigation" because such proceedings "impose estoppel restraints upon third-party requesters."). 35 U.S.C. § 318 supports this understanding by creating a presumption that the case should be stayed for *inter partes* reexaminations, unless the Court concludes "that a stay would not serve the interests of justice."

In deciding whether to stay litigation pending reexamination, courts primarily consider three factors: (1) whether a stay will unduly prejudice or present clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and the trial of the case, and (3) whether discovery is complete and whether a trial date has been set. *Spa Syspatronic, AG v. Verifone, Inc.*, 2:07 Civ. 416, 2008 WL 1886020, at *1 (E.D. Tex. Apr. 25, 2008). As described below, each of these factors favors a stay in this case.

### A. There Is No Undue Prejudice or Tactical Disadvantage to ESN from a Stay.

ESN has no colorable argument that it will be prejudiced by a stay. First, the PTO has a mandate to resolve *inter partes* reexamination petitions promptly. The PTO has so far proceeded very quickly in this instance. Second, ESN does not practice the '519 patent. It therefore has no argument that it will lose market share to Cisco. Third, ESN has not pled any claims other than infringement of the '519 patent and its provisional patent rights. Therefore, none of its rights

with respect to any other claims will be affected by a stay. Fourth, Cisco will be estopped from relying at trial on the same art that was, or could have been presented to the Patent Office.

### 1. The Patent Office Has and Will Proceed Expeditiously.

The reexamination of the '519 patent has and likely will proceed swiftly. By regulation, *inter partes* reexamination proceedings are to be "conducted with special dispatch." 37 CFR 1.937(a). The Manual of Patent Examining Procedures § 2686.04 further provides that where the patent is the subject of litigation that has been stayed, the reexamination "will be expedited to the extent possible" and that "[a]ction on such a proceeding will take precedence to any other action taken by the examiner." If the reexamination has been pending for more than a year, the Director of the Office of Patent Legal Administration has the authority to shorten response periods, thereby hastening the reexamination. MPEP § 2686.04.

The Patent Office has thus far promptly acted on Cisco's reexamination request. It indicated that it would grant the request little more than two months after it was filed. And it issued its 243-page detailed order approximately two months later. In the past, courts have noted that the risk of prejudice to the plaintiff was minimal where the Patent Office issued its first rejection of the claims as much as nine months after the reexamination petition was filed. *Ricoh Co. v. Aeroflex, Inc.*, 03-4669-MJJ, 2006 WL 3708069, at *2 (N.D. Cal. Dec. 14, 2006) (holding that there was little risk of prejudice due to delay because the PTO acted promptly by issuing its initial rejection of the claims "relatively quickly--approximately *9 months* after initiation of the reinvestigation") (emphasis added). In the present case, the Patent Office has, pursuant to its mandate to act on *inter partes* petitions with special dispatch, issued its first Detailed Action rejecting the claims in just over four months.

### 2. ESN Does Not Practice the '519 Patent.

ESN is a non-practicing entity that does not actually produce any products; therefore, ESN will not incur market share or customer loss for the duration of the stay. *See Spa Syspatronic*, 2008 WL 1886020, at *2 (plaintiff would not be prejudiced by a stay during reexamination where it did not compete with the defendant). ESN's professed injury is compensable by royalties that are not affected by the stay, resulting in no *undue* prejudice. In fact, in *Ricoh Co. v. Aeroflex, Inc.*, 03-4669-MJJ, 2006 WL 3708069 (N.D. Cal. Dec. 14, 2006), the Court found that the *defendants* would be unduly prejudiced without a stay. The Court explained that defendants would be "forced to potentially litigate a lengthy patent trial and a potential appeal, and possibly be forced to pay significant damages for infringing the exact claims that have already been determined to be invalid by the PTO." *Id.* at 3. The same risk exists here; Cisco (and ESN) would bear the substantial burdens of litigation even though the Patent Office might invalidate, or ESN might choose to modify the patent's claims during the reexamination process, rendering ESN's lawsuit against Cisco moot.

### 3. There Are No Pending Claims Unrelated to the '519 Patent.

ESN has no pending claims other than those based on the '519 patent. This is therefore not a case where the plaintiff's rights with respect to claims unrelated to the patent in reexamination will be prejudiced. *See Tomco Equip. Co.*, 542 F. Supp. 2d 1303, 1308 (N.D. Ga. 2008) (plaintiff would not be prejudiced where "[a]ll of plaintiff's claims surround the patents-in-suit, and therefore rest on the validity of the patent being reexamined"). That every claim in this case hinges on the validity of the '519 patent therefore minimizes any possible prejudice to ESN.

#### 4. Cisco Will Be Estopped From Asserting the Same Prior Art at Trial.

A plaintiff will not generally be prejudiced by a stay during reexamination where the defendant will be stopped from presenting at trial the same prior art considered by the Patent Office. *Premier Int'l Assoc. LLC, v. Hewlett-Packard Co.,* -- F. Supp. 2d --, 2008 WL 2138158 (E.D. Tex. May 19, 2008) (Folsom, J.) (holding that in the context of *ex parte* reexamination, plaintiff would not be prejudiced if defendant stipulated to being bound by the Patent Office's decision). This Court has stated that a reexamination that has an estoppel effect "if anything, puts Plaintiff at an advantage." *Datatreasury Corp.*, 490 F. Supp. 2d at 754. Cisco applied for and was granted *inter partes* reexamination. Hence, the estoppel effect is even broader: the *inter partes* reexamination binds Cisco and prevents it from arguing "the invalidity of any claim finally determined to be valid and patentable on any ground which [Cisco] raised or could have raised during the inter partes reexamination proceedings." 35 U.S.C. § 315(c); *Echostar Techs. Corp. v. TiVo, Inc.*, No. 5:05-CV-81-DF, 2006 WL 2501494, at *3 (E.D. Tex. July 14, 2006) (the estoppel effect of *inter partes* reexamination provides an "even more compelling reason to grant a stay"). Cisco is therefore not seeking "two bites at the apple," and ESN will not be prejudiced by a stay.

### B. A Stay will Simplify and May Resolve the Case.

A stay of this case is especially likely to simplify the issues for trial. First, if the claims of the patent are ruled invalid, then there will be no need to try this case at all. Second, because the reexamination in question is *inter partes*, if the patent is deemed valid, the Court need not consider the prior art presented by Cisco or which Cisco might have presented to the Patent Office. 35 U.S.C. § 315(c). Therefore, no matter what the final result of the reexamination, the issues that this Court will be required to try will be greatly simplified. As a result, this Court has

observed "the newer *inter partes* procedure is more likely to result in simplification." *Anascape, Ltd. v. Microsoft Corp.*, 475 F. Supp. 2d 612, 616 (E.D. Tex. 2007).

### 1. Reexamination Is Highly Likely to Resolve Pending Claims.

A stay is especially appropriate in this case because the Patent Office has not merely found a "substantial new question of patentability" as to a portion of the patent's claims. Instead, the Patent Office has affirmatively *rejected* each and every claims of the '519 patent. The patent reexamination process relies on the expertise of the Patent Office to narrow, amend, and even eliminate claims so that the courts can avoid using needless judicial resources. *See Datatreasury Corp.*, 490 F. Supp. 2d at 754. "Put simply, 'courts need not expend unnecessary judicial resources by attempting to resolve claims which may be amended, eliminated or lucidly narrowed by the patent reexamination process and the expertise of its officers.'" *Alza Corp. v. Wyeth*, No. Civ.A. 9:06-CV-156, 2006 WL 3500015, at *2 (E.D. Tex. Nov. 21, 2006). Where the Patent Office rejects all of the asserted claims "the likelihood that the PTO's reexamination and expertise would assist the Court in determining patent validity, or potentially eliminating the need to try the action . . . increase[s] significantly." *Ricoh Co.*, 2006 WL 3708069, at *4.

This concern is heightened in this case because *inter partes* reexaminations are highly likely to result in the cancellation of claims. A recent article in the Journal of the Patent and Trademark Office Society reports that *ex parte* reexamination is "more than seven times less likely to result in the cancellation of all claims than an *inter partes* reexamination." J. Steven Baughman, *Reexamining Reexaminations: A Fresh Look at the* Ex Parte *and* Inter Partes *Mechanisms for Reviewing Issued Patents*, 89 J. Pat. & Trademark Off. Soc'y 349, 360 (2007). A similar study found that the Patent Office cancelled 76% of all patent claims subjected to *inter partes* reexamination. Roger Shang & Yar Chaikovsky, Inter Partes *Reexamination of Patents:*

*An Empirical Evaluation*, 15 Tex. Intell. Prop. L.J. 1, 14 (2006).  In 57% of *inter partes* reexaminations, all of a given patent's claims are invalidated.  *Id*. at 11.  The authors describe this rate as "staggering" when compared to the 10% all-cancellation rate for *ex parte* reexamination.  *Id.*

The likelihood that one or all of the claims of the '519 patent will be cancelled is even greater than these statistics suggest because the Patent Office has gone beyond merely granting reexamination; it has rejected each claim.  To grant a petition for reexamination, the Patent Office need merely find a "substantial new question of patentability."  Manual of Patent Examining Procedures § 2642.  The Patent Office will grant the reexamination "even if the examiner would not necessarily reject the claim as either anticipated or obvious" so long as this "substantial new question" standard is met.  *Id.*  In the case at bar, however, the Patent Office went further, affirmatively rejecting each claim because the prior art created a prima facie case of unpatentability, thereby satisfying the more stringent standard for rejection.

The likelihood that the Patent Office will cancel one or all of the claims of the '519 patent is also enhanced because of the number of references that create a prima facie case of unpatentability.  The Patent Office has rejected each claim of the '519 patent based on as many as eleven separate grounds:

| Claim | Grounds for Rejection |
|---|---|
| 1 | Nine anticipating references. |
| 2 | Six anticipating references.  Obvious in light of three separate combinations of references. |
| 3 | Nine anticipating references. |
| 4 | Eight anticipating references. |
| 5 | Nine anticipating references.  Obvious in light of one combination of references. |
| 6 | Three anticipating references.  Obvious in light of eighteen |

| | separate combinations of references. |
|---|---|
| 7 | Two anticipating references. Obvious in light of seven separate combinations of references. |
| 8 | Anticipated by two references. Obvious in light of seven separate combinations of references. |
| 9 | Anticipated by four references. Obvious in light of fifteen separate combinations of references. |
| 10 | Anticipated by four references. Obvious in light of fifteen separate combinations of references. |
| 11 | Anticipated by two references. Obvious in light of thirteen separate combinations of references. |
| 12 | Anticipated by four references. Obvious in light of fifteen separate combinations of references. |
| 13 | Anticipated by seven references. Obvious in light of eight separate combinations of references. |
| 14 | Anticipated by seven references. Obvious in light of eight separate combinations of references. |
| 15 | Obvious in light of twenty separate combinations of references. |
| 16 | Obvious in light of twenty-one separate combinations of references. |
| 17 | Anticipated by seven references. Obvious in light of seven separate combinations of references. |
| 18 | Anticipated by five references. Obvious in light of nine separate combinations of references. |
| 19 | Anticipated by five references. Obvious in light of seven separate combinations of references. |

There is therefore an especially high likelihood in this case that the Patent Office will invalidate one or all of the claims of the '519 patent. The costs to the Court and the parties of litigating, therefore, far exceed the minimal benefit of staying a case that is still in its initial stages.

**2. ESN Is Likely to Modify Any Claims that the Patent Office Does Not Cancel.**

Even if Patent Office does not cancel all the claims of the '519 patent, ESN may be forced to modify one or more claims to avoid prior art. In 59% of *inter partes* reexaminations

requested by a third party, the patentee modifies one or more claims. Baughman, *supra* at 360. This likelihood is even higher in this case given the number of references that ESN will be forced to distinguish. This high likelihood that any surviving claims will be different from and narrower than the current claims favors granting a stay. *Soverain Software LLC v. Amazon.com, Inc.*, 356 F.Supp.2d 660, 662 (E.D. Tex. 2005). After modification, ESN may not have a credible basis for asserting infringement. Should this case not be stayed, there is also a high likelihood that any claim construction orders issued will be rendered moot by a change in claim language, necessitating an additional claim construction hearing. In addition, any infringement determination would potentially need to be revisited in light of the amendments. *Tomco Eqip. Co.*, 542 F. Supp. 2d at 1310. In sum, litigating this case while the claims are subject to amendment is "like trying to hit a moving target, without knowing even what the target looks like." *NTP, Inc. v. T-Mobile USA, Inc.*, No. 3:07-CV-548, 2007 WL 3254796, at *2 (E.D. Va. Nov. 2, 2007).

### 3. Regardless of the Result, the Case Will Be Simplified.

Even in the unlikely event that all the claims of the '519 patent survive *inter partes* reexamination, a stay will simplify this case in several respects. Significantly, Cisco's invalidity defense will be greatly narrowed. Unlike *ex parte* reexamination, *inter partes* reexamination has a res judicata effect. Because *inter partes* reexamination permits Cisco to participate in the reexamination process, it will be estopped from asserting invalidity at trial any grounds that could have been raised before the Patent Office. 35 U.S.C. §§ 315(c). *Inter partes* reexamination is therefore especially likely to simplify the issues for trial. *Tomco Eqip. Co.*, 542 F. Supp. 2d at 1309. In the absence of a stay, this Court will be required to resolve the validity of this highly technical patent in parallel with the Patent Office.

Further, claim construction will be simplified because statements made during the reexamination become part of the prosecution history, providing the Court with a full development of the intrinsic evidence. *Alza Corp.*, 2006 WL 3500015, at *2. ESN has a deadline of August 13, 2008 to file a response to the Patent Office's recent decision. That response will be part of the prosecution history of the patent and aid the Court in the construction of the patent's claims. The Court's claim construction will also be assisted by the Patent Office's comparison of the prior art to the patent claims. *See SKF Condition Monitoring, Inc. v. SAT Corp.*, No. 07CV1116, 2008 WL 706851, at *7 (S.D. Cal. Feb. 27, 2008) ("The PTO's expert evaluation is likely to be of assistance not only as to the issues of validity, but its understanding of the claims is also likely to aid this Court in the preliminary process of claim construction.").

### C.  Completion of Discovery and Trial Date.

This case is still in its infancy. Cisco's motion to stay precedes any claim construction briefing, depositions, dispositive motions, or trial. Although ESN has served its infringement contentions and Cisco has served its invalidity contentions, very little has occurred in terms of discovery. The litigation is still in its infancy. Therefore, no significant resources have been expended to make a stay pending completion of reexamination improper. *Cf. Anascape*, 475 F. Supp. 2d at 616 (holding that this factor favored a stay even though interrogatories had been exchanged because the claim construction process had not yet begun). The trial date for the case is not until April 6, 2010, nearly twenty-two months away. *Cf. Premier Int'l Assoc.*, 2008 WL 2138158 at *6 (holding that this factor weighed in favor of a stay where the trial date was twenty-two months away); *Alza Corp.*, 2006 WL 3500015, at *2 (holding that this factor favored a stay where trial was sixteen months away); *Datatreasury Corp.*, 490 F. Supp. 2d at 755

(holding that this factor favored a stay where trial was eighteen months away). Because of the early stages of this case, a stay is warranted to avoid the substantial waste of both the parties' and the Court's resources if discovery, a claim construction hearing, summary judgment briefing, and trial went forward and the claims were subsequently declared invalid or were amended by the Patent Office.

## **Conclusion**

For the foregoing reasons, Cisco's motion for a stay of this action pending a final decision by the Patent Office on the *inter partes* reexamination of the '519 patent should be granted. Pursuant to Local Rule 7(g), Cisco respectfully requests oral argument on this motion.

DATED: June 30, 2008      Respectfully submitted,

By /s/ Victoria Maroulis
Victoria Maroulis

MCKOOL SMITH P.C.

SAM BAXTER
Texas Bar No. 01938000
sbaxter@mckoolsmith.com
104 E. Houston St., Suite 300
P.O. Box 0
Marshall, Texas 75670
Telephone : (903) 923-9000
Facsimile : (903) 923-9099

GARRET W. CHAMBERS
Texas State Bar No. 00792160
gchambers@mckoolsmith.com
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone : (214) 978-4000
Facsimile : (214) 978-4044

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

CHARLES K. VERHOEVEN
LEAD COUNSEL
Cal. Bar No. 170151
charlesverhoeven@quinnemanuel.com
KATHERINE H. BENNETT
katherinebennett@quinnemanuel.com
Cal. Bar No. 250175
KEVIN A. SMITH
Cal. Bar No. 250814
kevinsmith@quinnemanuel.com
50 California St., 22nd Floor
San Francisco, California 94111
Telephone: (415) 875.6600
Facsimile: (415) 875.6700

VICTORIA F. MAROULIS
Cal. Bar No. 202603
victoriamaroulis@quinnemanuel.com
SAYURI K. SHARPER
Cal. Bar No. 232331
sayurisharper@quinnemanuel.com
555 Twin Dolphin Dr., Suite 560
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Attorneys for Defendants
Cisco Systems, Inc. and Cisco-Linksys, LLC

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Cisco conferred with counsel for Plaintiff on June 30, 2008 in an attempt to resolve this matter without Court intervention. Counsel for Plaintiff informed counsel for Cisco that it opposes this motion.


Dated: June 30, 2008                    By: /s/ Victoria Maroulis
                                             Victoria Maroulis

# CERTIFICATE OF SERVICE

I hereby certify that on the date this proof of service is signed below, I served the foregoing:

**DEFENDANTS' MOTION TO STAY PENDING REEXAMINATION**

by email and via the Court's Electronic Filing System to

George P. McAndrews
gmcandrews@mcandrews-ip.com
Thomas J. Wimbiscus
twimbiscus@mcandrews-ip.com
Peter J. McAndrews
pmcandrews@mcandrews-ip.com
Gerald C. Willis
jwillis@mcandrew-ip.com
Paul W. McAndrews
Matthew N. Allison
mallison@mcandrews-ip.com
McAndrews, Held & Malloy
500 West Madison, Suite 3400
Chicago, IL 60661
Telephone 312(775-8000
Fax (312) 775-8100

Eric M. Albritton
ema@emafirm.com
Albritton Law Firm
P.O. Box 2649
Longview, Texas 75606
Telephone (903) 757-8449
Fax (903) 757-2323

T. John Ward
jw@jwfirm.com
Ward & Smith Law Firm
111 West Tyler Street
Longview, Texas 75601
Telephone (903) 757-6400
Fax (903) 757-2323

Date: June 30, 2008    /s/ Katherine Bennett
        Katherine Bennett