# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | |
|---|---|
| ESN, LLC,<br><br>        Plaintiffs,<br><br>    vs.<br><br>CISCO SYSTEMS, INC. and CISCO-LINKSYS LLC,<br><br>        Defendants. | CASE NO. 5:08-CV-20-DF<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY PENDING REEXAMINATION

ESN's opposition confirms that a stay of this matter is warranted.  Most importantly, ESN agrees that reexamination will either completely resolve this case or, at a minimum, dispose of all of Cisco's printed publication invalidity defenses.  ESN also concedes that the procedural posture of the litigation favors a stay and that the patent may be modified if it survives.  Although ESN attempts to obfuscate the issues before the Court through a lengthy but irrelevant and inaccurate description of the parties' licensing negotiations, it utterly fails to suggest, let alone establish, that this is a case where a stay is not warranted.[1]  Accordingly, Cisco's Motion should be granted in its entirety.

**I.     A Stay Will Simplify Issues for Trial and Preserve Judicial Resources.**

ESN contends that a stay will neither simplify the case nor preserve judicial resources.  ESN is incorrect.  It is well established that "an *inter partes* reexamination can have no other effect but to streamline ongoing litigation."  *Echostar Tech. Corp. v. TiVo, Inc.*, No. 5:05-CV-81-DF, 2006 WL 2501494 (E.D. Tex. July 14, 2006).  If the PTO invalidates the patent, there is no case to be tried.  If the PTO upholds the patent, then all of Cisco's prior-art defenses based on printed publications are eliminated and the Court benefits from the PTO's expert analysis.  As a result, courts routinely hold that *inter partes* reexamination will simplify the case even where a defendant presents other unenforceability or invalidity defenses that the PTO does not consider.  *See Tomco Equip. Co. v. Se. Agri-Sys.* 542 F. Supp. 2d 1303, 1310 (N.D. Ga. 2008) ("Although defendant is asserting invalidity on grounds that the PTO will not consider in its reexamination, the issues are still likely to be

---

[1]  ESN inappropriately suggests that the parties' settlement negotiations and the "Troll Tracker" news-oriented website are factors that the Court should consider in ruling on Cisco's motion to stay.  To the contrary, neither have any relevance to this motion.  Apparently, ESN intends to inject these issues -- for inflammatory purposes only -- into every stage of this litigation.  ESN's efforts in this regard should be ignored.  For a description of Cisco's position with respect to ESN's unsubstantiated assertions, attached as Exhibit A is a letter from Cisco responding to correspondence from ESN's counsel to Cisco's General Counsel.

simplified."); *Anascape, Ltd. v. Microsoft Corp.*, 475 F. Supp. 2d 612, 617 (E.D. Tex. 2007) (holding that *inter partes* reexamination will simplify the case even where the defendant presented an inequitable conduct defense).[2]

## II. Cisco Will Be Prejudiced By Being Forced to Litigate Claims the PTO Has Rejected.

ESN contends that Cisco will not be prejudiced even if it is forced to litigate patent claims that the PTO has already rejected on multiple grounds and which may be modified. The weight of authority says otherwise. Indeed, courts routinely stay matters pending reexamination to avoid the prejudice that ensues when a defendant is "forced to potentially litigate a lengthy patent trial and a potential appeal, and possibly be forced to pay significant damages for infringing the exact claims that have already been determined to be invalid by the PTO." *Ricoh Co., Ltd. v. Aeroflex, Inc.,* No. C03-04669, 2006 WL 3708069, at *3 (N.D. Cal. Dec. 14, 2006); *see also Bausch & Lomb, Inc., v. Alcon Lab., Inc.*, 914 F. Supp. 951, 952 (W.D.N.Y. 1996) (defendant would be prejudiced because it "would have no ability to recover those damages if at a later date the PTO determined that the . . . patent is invalid").

## III. ESN Will Not Be Prejudiced By a Stay.

In contrast to the substantial prejudice that would be inflicted upon Cisco absent a stay, a stay will not prejudice ESN. ESN argues that it will be prejudiced by a stay even though it is a non-practicing entity that at best is only entitled to monetary damages. None of its arguments withstand scrutiny.

---

[2] ESN also contends that it is "standard practice" for the PTO to reject all of a patent's claims in the first office action. To the contrary, this Court has already held that such a decisive first office action strongly suggests that claims will ultimately be eliminated or modified and a stay is therefore appropriate. *Premier Int'l Assoc. LLC v. Hewlett-Packard Co.*, No. 2:07-cv-395, 2008 WL 2138158 (E.D. Tex. May 19, 2008) (Folsom, J.) ("[T]hat the PTO has issued an Office Action rejecting all 210 claims in both patents indicates that there is a large amount of uncertainty regarding the scope of the claims. In order to conserve both the parties' and judicial resources, this factor weighs in favor of a stay.").

***The "Delay" Argument.*** ESN argues that an a report by the "Institute for Progress" supports its contention that *inter partes* reexamination will take over six years. ESN is incorrect. As an initial matter, the Court has recently rejected ESN's argument in *Datatreasury Corp. v. Wells Fargo & Co.*, 490 F. Supp. 2d 749 (E.D. Tex. 2006) (Folsom, J.). There, the plaintiff opposed a stay pending an *ex parte* reexamination because "reexamination takes several years to complete." *Id.* at 753. Nevertheless, the Court granted the stay, reasoning that it "if anything, puts Plaintiff at an advantage" because the defendant had stipulated not to reassert the same prior art at trial. *Id.* at 754. The same rationale applies in this case in light of the estoppel imposed by *inter partes* reexamination.

ESN's argument also fails because the statistics it cites do not take into account the unique circumstances of this case. First, ESN's statistics improperly lump together reexaminations that concern patents that are in litigation with those that are not. The report ESN relies on notes that only 52% of *inter partes* reexaminations concern patents that are in litigation. (ESN Ex. A at 2.) Yet, whether a patent is in litigation is highly determinative of the speed of reexamination. The PTO gives "priority over all other cases" to reexaminations of patents involved in litigation. Manual of Patent Examining Procedure § 2661. Moreover, where a court has stayed litigation, the PTO gives *inter partes* reexaminations "precedence to any other action taken by the examiner in the Office." MPEP § 2686.04. Further, if a patent is the subject of litigation and the reexamination has been pending for more than one year, the PTO is authorized to expedite the proceedings by shortening the parties' time to respond to Office Actions. MPEP § 2686.04; *see Spa Syspatronic, AG v. Verifone, Inc.*, No. 2:07-CV-416, 2008 WL 1886020 at *2 (E.D. Tex. Apr. 25, 2008) (prejudice unlikely due to "the presence of reexamination procedures ensuring as rapid a process as possible since the '862 patent is involved in litigation").

Second, ESN's statistics fail to take into account that the reexamination in this case is on schedule to be completed in a quarter of the time of the "median" reexamination. ESN's statistics rely on a dozen reexaminations that took over a year for the PTO to issue its first office action, six that took between 271 and 360 days, and another dozen that took between 181 and 270 days. (ESN Ex. A at 17.) Including these outliers, ESN calculates that the median time to first office action is 18 months. (*See* ESN Ex. A at 19.) But in this case, the PTO has already issued the first Office Action, and it did so in just over four months. The reexamination in this case is therefore on schedule to be completed in less than a quarter of the time calculated by ESN. Every indication so far is that the reexamination will proceed expeditiously.

***The "Irreparable Harm" Argument.*** Relying on cases ruling on motions for injunctions, ESN argues that a stay will cause "irreparable harm" to its "right to exclusivity." This Court, however, has held that where the patentee does not practice the patent and compete with the defendant, any prejudice from a stay can be fully recompensed through monetary damages. *See Spa Syspatronic,* 2008 WL 1886020, at *2 ("[T]he parties are apparently not direct competitors in the marketplace, and therefore a stay is also unlikely to directly prejudice Spa's standing in the market during the remainder of the '862 patent's life, making any harm from delay even less acute."). In addition, ESN admits that it was formed for the purpose of licensing the patent in suit. (Opp. at 3.) Where the patentee actively seeks to license its patent, it seldom can demonstrate the irreparable harm necessary for an injunction *See MercExchange, LLC v. eBay, Inc.*, 500 F. Supp. 2d 556, 572-73 (E.D. Va. 2007) (offers to license patent "plainly weighs" against a finding of irreparable harm). Therefore, any prejudice to ESN from a stay can be fully remedied through damages and prejudgment interest.

***The "Tactical Disadvantage" Argument.*** Finally, ESN contends that it will be prejudiced by a stay because the PTO will not consider evidence relevant to secondary considerations of non-

obviousness. This is incorrect. The Manual of Patent Examining Procedure § 2141 provides detailed instructions on the finding and weighing of such secondary considerations. There is no obstacle to ESN collecting and submitting to the PTO whatever evidence it desires. Further, there is no support for ESN's argument that a patentee is at a tactical disadvantage before the PTO because it cannot take discovery. It is this absence of costly discovery, among other things, which promotes judicial economy and savings, which is one of the purposes of reexamination. *See Datatreasury Corp.*, 490 F. Supp. 2d at 754 (Folsom, J.) ("Many discovery problems relating to prior art can be alleviated by the PTO examination."). Ordinarily, the fact that discovery into invalidity and other issues has not yet taken place weighs *in favor* of granting a stay. *Spa Syspatronic*, 2008 WL 1886020, at *4 (stay was appropriate where "discovery was still in its infancy"). ESN's argument that it needs discovery from Cisco to establish the validity of its own patent turns this consideration on its head.

### IV. The Early Stage of this Proceeding Supports a Stay.

ESN concedes, as it must, that this case "may be in its relatively early stages." As the cases cited by Cisco—without challenge by ESN—demonstrate, this factor weighs heavily in favor of a stay. Although ESN faults Cisco for not seeking a stay prior to receiving ESN's infringement contentions, Cisco informed the Court of its intent to seek a stay at the Status Conference and promptly moved for a stay after the PTO issued its decision rejecting ESN's claims. Accordingly, the procedural posture of this case provides further support for a stay.

### Conclusion

Because ESN will benefit from the estoppel effects of *inter partes* reexamination, the case is still in its infancy, and a stay will dispose of Cisco's printed publication invalidity defenses and possibly the entire case, a stay of the instant litigation is warranted. Cisco's motion should be granted in its entirety.

DATED: July 25, 2008	Respectfully submitted,

By /s/ Victoria Maroulis
    Victoria Maroulis

MCKOOL SMITH P.C.

SAM BAXTER
Texas Bar No. 01938000
sbaxter@mckoolsmith.com
104 E. Houston St., Suite 300
P.O. Box 0
Marshall, Texas 75670
Telephone : (903) 923-9000
Facsimile : (903) 923-9099

GARRET W. CHAMBERS
Texas State Bar No. 00792160
gchambers@mckoolsmith.com
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone : (214) 978-4000
Facsimile : (214) 978-4044


QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

CHARLES K. VERHOEVEN
LEAD COUNSEL
Cal. Bar No. 170151
charlesverhoeven@quinnemanuel.com
KATHERINE H. BENNETT
katherinebennett@quinnemanuel.com
Cal. Bar No. 250175
KEVIN A. SMITH
Cal. Bar No. 250814
kevinsmith@quinnemanuel.com
50 California St., 22nd Floor
San Francisco, California 94111
Telephone: (415) 875.6600
Facsimile: (415) 875.6700

VICTORIA F. MAROULIS
Cal. Bar No. 202603
victoriamaroulis@quinnemanuel.com

SAYURI K. SHARPER
Cal. Bar No. 232331
sayurisharper@quinnemanuel.com
555 Twin Dolphin Dr., Suite 560
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Attorneys for Defendants
Cisco Systems, Inc. and Cisco-Linksys, LLC

## CERTIFICATE OF AUTHORIZATION TO SEAL

      I hereby certify that under Local Rule CV-5(d), Exhibit A to this document is filed under seal pursuant to the Court's Protective Order entered in this matter.

Date: July 25, 2008                      /s/ Kevin A. Smith

## CERTIFICATE OF SERVICE

I hereby certify that on the date this proof of service is signed below, the foregoing:

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY PENDING REEXAMINATION**

by email to:

Eric M. Albritton
ema@emafirm.com
Albritton Law Firm
111 West Tyler Street
Longview, Texas 75606
Telephone (903) 757-8449
Fax (903) 757-2323

T. John Ward
jw@jwfirm.com
Ward & Smith Law Firm
111 West Tyler Street
Longview, Texas 75601
Telephone (903) 757-6400
Fax (903) 757-2323

George P. McAndrews
gmcandrews@mcandrews-ip.com
Thomas J. Wimbiscus
twimbiscus@mcandrews-ip.com
Peter J. McAndrews
pmcandrews@mcandrews-ip.com
Gerald C. Willis
jwillis@mcandrew-ip.com
Paul W. McAndrews
Matthew N. Allison
mallison@mcandrews-ip.com
McAndrews, Held & Malloy
500 West Madison, Suite 3400
Chicago, IL 60661
Telephone 312(775-8000
Fax (312) 775-8100

Date: July 25, 2008        /s/ Kevin A. Smith