IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| ESN, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 5:08-cv-20-DF |
| | ) |
| CISCO SYSTEMS, INC., and | ) |
| CISCO-LINKSYS, LLC, | ) JURY TRIAL DEMANDED |
| | ) ORAL HEARING REQUESTED |
| Defendants. | ) |

## DEFENDANTS' MOTION TO COMPEL AN ANSWER
## TO THEIR SEVENTH INTERROGATORY

Defendants Cisco Systems, Inc. and Cisco-Linksys, LLC (collectively "Cisco") hereby move to compel plaintiff ESN, LLC ("ESN") to answer Cisco's seventh interrogatory. Cisco's interrogatory merely seeks an explanation of ESN's representation to the Patent Office that its patent is entitled to claim priority to ESN's April 13, 2001 provisional application. (See Ex. A at 1:7-8.) The issue of whether the patent is entitled to claim priority to that provisional application will be determinative of whether several references that Cisco relies on in its invalidity contentions are prior art to the patent. ESN has, however, refused to respond to this interrogatory and instead interposed a series of frivolous objections and "burdens" that it claims Cisco must meet before ESN states it will provide a response. Although Cisco has dispelled each objection and met each of ESN's supposed "burdens," ESN still refuses to answer. Cisco regrets involving the Court in this discovery dispute. Nevertheless, it must do so to obtain a response to this interrogatory, which is highly relevant to the scope of prior art at issue in this case.

1

**STATEMENT OF FACTS**

    Cisco served its seventh interrogatory on June 10, 2008. That interrogatory provides:

> State and describe in detail how the written description and any drawing(s) of ESN's Provisional Application No. 60/283,888 support the subject matter claimed in the '519 Patent, including: (i) the specific identification of any and all disclosure(s) in the provisional application for each element of each claim in the '519 Patent; and (ii) the specific identification of any and all disclosure(s) in the provisional application that enable a person skilled in the art to which the invention pertains to make and use the invention.

(Ex. B.) On July 14, 2008, ESN objected to the interrogatory on multiple grounds, including: 1) that it was premature; 2) that it was compound; 3) that it called for expert analysis; and 4) that it was not relevant. (Ex. C.)

    In an August 14, 2008 letter, Cisco explained that ESN's objections were baseless. (Ex. D.) In particular, the issue of whether the claims of the patent are supported by the disclosures in the provisional application is relevant to whether ESN is entitled to claim priority to the filing date of the provisional application. The priority date determines what references constitute prior art to ESN's patent. "Priority dates are an important element in patent infringement cases. An earlier priority date would necessarily shrink the relevant body of prior art and could have a large impact on [a defendant's] invalidity analysis." Softvault Sys., Inc. v. Microsoft Corp., No. 2:06-CV-16, 2007 WL 1342554 (E.D. Tex. May 4, 2007)

    On August 20, 2008, ESN responded that—even though its patent would only be entitled to the priority date of the provisional application if that application supported those claims—it would not answer the interrogatory. (Ex. E.) Instead, it stated: "ESN does not need to provide Cisco with the basis to support its claim that the provisional application meets 35 U.S.C. § 112 ¶ 1 because the '519 Patent is presumptively valid and enforceable . . . . Cisco bears the burden of proving invalidity by clear and convincing evidence, including any claim that the '519 Patent is

not entitled to the filing date of the provisional application." (Ex. E at 2.) Notably, ESN cited no authority for the proposition that Cisco's burden of proof at trial excused ESN from responding to interrogatories.

In an August 29, 2008 letter, Cisco cited multiple authorities holding that the ultimate burden of proof at trial is ***not*** a limitation on the boundaries of discovery. (Ex. F.) *American Jurisprudence*, 23 Am. Jur. 2d Depositions and Discovery § 24, Scovill Manufacturing Co. v. Sunbeam Corp., 61 F.R.D. 598, 601 (D. Del. 1973), and Kraszewski v. State Farm General Insurance Co., No. C 79 1261, 1983 WL 656, at *7 (N.D. Cal. June 9, 1983), all state that the allocation of burdens of proof at trial are ***not*** valid objections to discovery requests.

Nevertheless, ESN continued to refuse to respond to Cisco's interrogatory. At Cisco's request, the parties engaged in a telephonic meet and confer on December 16, 2008. During that call, ESN stated that it would not respond to Cisco's interrogatory until after the Court issued a claim construction opinion. Because ESN had already delayed over six months in providing a response, Cisco requested an in-person meet and confer on the subject. (Ex. G.)

The parties met in Dallas on January 13, 2009 to discuss the dispute. That meeting was attended by both trial and local counsel for each party. At that meeting, ESN argued for the first time that Technology Licensing Corp. v. Videotek, Inc., 545 F.3d 1316 (Fed. Cir. 2008), established that ESN need not provide a response to Cisco's interrogatory until Cisco met its "burden" of putting the appropriate priority date "at issue."

In a January 15, 2009 letter, Cisco responded to ESN's reliance on Technology Licensing Corp. was misplaced. (Ex. H.) That opinion only addressed burdens of proof at trial and made no mention of any limitation on the traditional rule that burdens of proof are not relevant to what is or is not discoverable. Further, Cisco had put the patent's priority date "at issue" by charting

3

numerous prior art references in its invalidity contentions. Several of those references fell between the filing dates of ESN's provisional and final applications, thereby eliminating any doubt that the priority date of ESN's patent was highly relevant to which references are or are not "prior" art.

Despite Cisco's willingness to meet ESN's fabricated discovery "burden," ESN stated in a January 23, 2009 letter that it would not answer Cisco's interrogatory. (Ex. I.) ESN argued that the decisions cited by Cisco above "are not 'authority' to anything whatsoever in our case." Id. at 2. It described each of these opinions as having "no precedential effect on the Court." Id. ESN failed to cite any authority beyond Federal Rule of Civil Procedure 26 for its contrary position. It further contended that the priority date of the patent was not relevant, despite Cisco's identification of numerous references whose status as prior art was contingent on whether ESN could claim priority to the provisional application.

## ARGUMENT

Rule 37(a)(3)(B)(iii) provides that a party may move to compel a response where an opposing party fails to answer an interrogatory. Federal Rule of Civil Procedure 26(b)(1) permits Cisco to "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue *that is or may be in the case*." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978) (emphasis added). ESN, as the party resisting discovery, "must show specifically how . . . each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive." McLeod, Alexander, Powell & Apffel, P.C. v. Quarles, 894 F.2d 1482, 1485 (5th Cir. 1990) (quoting Joseph v. Harris Corp., 677 F.2d 985, 991-92 (3d Cir. 1982)).

4

**I.      CISCO'S INTERROGATORY SEEKS RELEVANT INFORMATION.**

Cisco's interrogatory seeks relevant information, namely ESN's contention concerning how the claims of the patent are supported by the disclosures contained in ESN's provisional application. ESN filed a provisional application on April 13, 2001, approximately a year before it filed the final application from which the patent actually issued. Under 35 U.S.C. § 111, ESN is entitled to claim the earlier priority date of the provisional application if that application contains a written description that adequately supports the claims in the patent. 35 U.S.C. § 119(e)(1); See New Railhead Mfg., L.L.C. v. Vermeer Mfg. Co., 298 F.3d 1290, 1294 (Fed. Cir. 2002). If not, ESN is only entitled to claim the priority date of the subsequently filed April 2002 application. Id. The appropriate priority date demarcates the line between references that are, or are not, prior art. Tech. Licensing Corp., 545 F.3d at 1324. Whether the written description of the provisional application supports the claims of the patent is therefore highly relevant to determining which references are prior art to ESN's patent. See id at 1326.

The priority date of ESN's patent is "at issue" in this litigation. Cisco has cited references in its invalidity contentions whose status as prior art is contingent on the priority date of the patent. It is undisputed that the appropriate priority date will be determined by whether ESN's provisional patent application contains a specification that supports its patent claims. The relevance of an entire year's worth of references turns on this question. Cisco is entitled to ESN's contention on this highly relevant issue so that it can adequately prepare its case for trial.

**II.     ESN HAS NO JUSTIFICATION FOR ITS REFUSAL TO ANSWER THIS INTERROGATORY.**

Despite Cisco's clear explanation of the importance of the priority date of ESN's patent, ESN has repeatedly refused to respond to Cisco's interrogatory on the grounds of "relevance." In support of that position, ESN has relied on Technology Licensing Corp. v. Videotek, Inc., 545

F.3d 1316 (Fed. Cir. 2008). ESN stated in its January 23, 2009 letter to Cisco that <u>Technology Licensing</u> "clearly stands for the proposition that until the defendant has put forth relevant prior art that places the priority date at issue, there is no issue." (Ex. I.) ESN's position is a willful misreading of that decision and the law. In any event, Cisco has put forth several times over "relevant prior art that places the priority date [of ESN's patent] at issue."

### A. There Is No Requirement That Cisco Satisfy Trial Burdens of Production to Obtain Discovery.

ESN has refused to respond to Cisco's interrogatory because it contends that Cisco bears the burden of proving the patent invalid at trial. According to ESN, Cisco must place the priority date "at issue" before it can seek discovery on what the appropriate priority date actually is. To the contrary, the proposition that burdens of proof provide an objection to a discovery request has been repeatedly rejected and is contrary to black letter law. For example, the encyclopedia *American Jurisprudence* states: "[A] party may be entitled to discovery regardless of whether that party has or does not have the burden of proof on a particular issue." 23 Am. Jur. 2d Depositions and Discovery § 24.

ESN's precise argument on priority dates and contention interrogatories was rejected in <u>Chubb Integrated Systems Ltd. v. National Bank of Washington</u>, 103 F.R.D. 52 (D.D.C. 1984). Chubb Integrated Systems ("Chubb") filed suit against the National Bank of Washington ("the Bank") alleging infringement of several patents. <u>Id.</u> at 56. The Bank served two interrogatories seeking information regarding sales by Chubb of machines covered by the patents prior to Chubb's filing of its United States patent applications. <u>Id.</u> at 58. Chubb, however, contended that its patents were entitled to the priority date of an earlier United Kingdom patent. <u>Id.</u> at 58-59. The court summarized Chubb's argument as follows:

> Plaintiff contends it is *prima facie* entitled to the benefit of the U.K. filing dates. Chubb further argues that as a matter of law, defendants would have to rebut

> plaintiff's entitlement to the U.K. filing dates before the information could be admitted at trial. Based on this reasoning, plaintiff concludes the interrogatories are irrelevant.

Id.

The court rejected this argument. It first noted that relevancy is broadly construed for purposes of discovery. Id. at 59. The court observed: "Unquestionably, defendants' interrogatories . . . are relevant to the subject matter of the action." Id. The court further noted that the "burden" argument was legally erroneous because it "implicitly challenges the sufficiency of defendants' affirmative defense." Id. But, the court held that, until stricken, the defense was a valid subject of discovery. Id. The court concluded:

> In the instant case, plaintiff does not assert that the defense is baseless. Rather, plaintiff claims that *prima facie* entitlement to the benefits of the U.K. filing dates renders the information inadmissible. This is an issue that will be resolved at trial. At this point in the litigation, we do not regard the defense proffered under 35 U.S.C. § 2 as "baseless."

Id. at 59.

The court rejected a similar position in Scovill Manufacturing Co. v. Sunbeam Corp., 61 F.R.D. 598, 601 (D. Del. 1973). The issue arose in that case when a manufacture refused to respond to an interrogatory that sought the basis for its non-infringement position. Id. at 600-01. The manufacturer argued that no response was required because the patentee had the burden of proving that the defendant infringed. Id. at 601. The court flatly rejected the position: "The Court holds that the ultimate burden of proof at trial is not a limitation upon the boundaries of discoverable material." Id. See also City of Rome v. United States, 450 F. Supp. 378, 383 (D.D.C. 1978) (request for admission may not be objected to on the ground that the proponent bears the burden of proof on the issue).

ESN's position has also been rejected by Kraszewski v. State Farm General Insurance Co., No. C 79 1261, 1983 WL 656 (N.D. Cal. June 9, 1983). In that case, the defendant objected to several interrogatories, stating they "would not answer the questions until plaintiffs produced 'credible evidence' to support the allegations underlying the questions." Id. at *7. The court described this argument as "dilatory, frivolous and wholly lacking in substantial justification." Id. The position, the court wrote, "was recognizable as an absurdity to anyone even passingly familiar with the American discovery process." Id.

ESN's argument is also contrary to Williams v. Sprint/United Management Co., 235 F.R.D. 494 (D. Kan. 2006). That case concerned allegations that age was a determining factor in Sprint's decision to terminate plaintiff's employment during a reduction-in-force. Id. at 497. Sprint served an interrogatory seeking plaintiff's contention as to whether Sprint had a policy or practice of age discrimination. Id. at 498. Plaintiff provided a lengthy substantive response but also objected on the ground that the interrogatory "implies a burden of proof standard for Plaintiffs that does not apply at this phase of the litigation." Id. at 499. Although the court held that the substantive portion of plaintiff's response was adequate, the court also noted: "[The defendant] is entitled to ask this regardless of what the Court may ultimately determine to be Plaintiff's burden of proof." Id. at 500. See also Spindelfabrik Suessen-Schurr, Stahlecker & Grill, GMBH v. Savio S.P.A., No. C-C-88-139, 1989 WL 207909, at *3 (W.D.N.C. July 27, 1989) (compelling response to interrogatories over objections that they "are irrelevant to the controversy between the parties" and an "attempt to unlawfully shift the burden of proof to Plaintiffs").

Despite the abundance of cases specifically rejecting its argument, ESN contends that Technology Licensing Corp. v. Videotek, Inc., 545 F.3d 1316 (Fed. Cir. 2008), relieves it of its

obligation to respond to Cisco's interrogatory. That case, however, says nothing about discovery obligations. Nothing in Technology Licensing purports to alter the well established rule that trial burdens of proof do not limit what is discoverable. The case merely recites the standards for burdens of production *at trial*. No authority has ever relied on the opinion for the proposition that the allocation of trial burdens are valid objections to discovery requests, and ESN has never identified any authorities in support of that position. Indeed, as described above, courts have consistently rejected that argument.

**B. Cisco Has Satisfied Any Plausible Burden Identified by ESN.**

Even assuming for the sake of argument that Technology Licensing did impose a "burden" on Cisco before it could seek ESN's position on how the claims of the patent are supported by the disclosure in the provisional application, that burden has been satisfied. The only burden of production that Technology Licensing places on the defendant is "the burden of going forward with evidence that there is such anticipating prior art." 545 F.3d at 1327. Cisco has met that burden several times over. First, Cisco has served its invalidity contentions, which provide detailed claim charts for multiple prior art references. Under the plain language of Technology Licensing, Cisco met its "burden" before it even served its interrogatory. Second, in Cisco's January 15, 2009 letter, Cisco identified numerous references whose status as prior art was contingent on whether the claims of the patent are supported by the provisional application. Cisco has repeatedly met every unreasonable "burden" that ESN has insisted upon, yet ESN still refuses to respond to the interrogatory.

**II. RESPONDING TO CISCO'S INTERROGATORY IS NOT BURDENSOME.**

The burden on ESN of providing a response to Cisco's interrogatory is exceedingly minimal. ESN's patent states on its face that it "claims priority to U.S. provisional application

60/283,888 filed on April 13, 2001." (Ex A at 1:7-8.) Assuming that this statement is in compliance with ESN's duty of candor to the Patent Office, ESN has already determined how the claims of its patent are supported by the provisional application. Cisco's interrogatory merely asks ESN to explain the basis for this statement in the patent.[1]

### III. THE COURT SHOULD GRANT CISCO ITS EXPENSES IN PREPARING THIS MOTION.

Federal Rule of Civil Procedure 37(a)(5) provides:

> If the motion is granted—of if the disclosure or requested discovery is provided after the motion was filed—the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees

unless one of three possible exceptions applies. (emphasis added). Those exceptions are: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). None of these exceptions apply.

As detailed above, Cisco has met and conferred with ESN in good faith. Cisco has patiently addressed each of ESN's arguments in letter after letter since July 2008. Trial and local counsel for Cisco traveled to Dallas to meet with counsel for ESN face to face. Cisco has, at ESN's request, identified multiple references for which ESN's interrogatory response is critical to determining whether they are prior art. Each time Cisco has met ESN's burdensome requests,

---

[1] In any event, any objection on this basis is waived by the failure to provide in its objections a specific showing of why an answer would be unduly burdensome to provide. Lafayette County, Miss. v. Total Plan Servs., Inc., No. 3:07-CV-98, 2008 WL 4186936 (N.D. Miss. Sept. 8, 2008).

10

ESN has identified new hurdles that it would like Cisco to jump through, none of which are required by law.

ESN's failure to respond to Cisco's interrogatory is not substantially justified. As described above, ESN's position is that burdens of production at trial relieve ESN of providing responses to interrogatories during discovery. That position has been rejected by numerous courts. See cases cited supra. It is further refuted by the black letter law as stated in *American Jurisprudence*. 23 Am. Jur. 2d Depositions and Discovery § 24 ("[A] party may be entitled to discovery regardless of whether that party has or does not have the burden of proof on a particular issue."). Kraszewski described ESN's position—that no response to an interrogatory was required until the proponent "produced 'credible evidence' to support the allegations underlying the questions"—as "an absurdity to anyone even passingly familiar with the American discovery process." 1983 WL 656, at *7. As a result of this frivolous argument, the court imposed sanctions. Id. at *10-11.

Finally, there are no "circumstances make an award of expenses unjust." ESN has proffered frivolous legal arguments in an unjustified attempt to obstruct the progress of discovery. Cisco has patiently rebutted each of these arguments and repeatedly explained the importance of this information over many months of correspondence. Under these circumstances, Cisco is entitled to an award of expenses in an amount to be determined.[2]

---

[2] Cisco will submit the appropriate documentation of its expenses, including those incurred in preparation of its reply brief, upon the Court's granting of this motion.

## CONCLUSION

For the foregoing reasons, this Court should compel ESN to respond to Cisco's seventh interrogatory and award Cisco's its expenses in preparing this motion.[3]

---

[3] Pursuant to Local Rule 7(g), Cisco also hereby requests oral argument on this motion.

DATED: February 10, 2009        Respectfully submitted,

By /s/ Victoria Maroulis

MCKOOL SMITH P.C.

SAM BAXTER
Texas Bar No. 01938000
sbaxter@mckoolsmith.com
104 E. Houston St., Suite 300
P.O. Box 0
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

GARRET W. CHAMBERS
Texas State Bar No. 00792160
gchambers@mckoolsmith.com
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone : (214) 978-4000
Facsimile : (214) 978-4044


QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

CHARLES K. VERHOEVEN
LEAD COUNSEL
Cal. Bar No. 170151
charlesverhoeven@quinnemanuel.com
KATHERINE H. BENNETT
katherinebennett@quinnemanuel.com
Cal. Bar No. 250175
KEVIN A. SMITH
Cal. Bar No. 250814
kevinsmith@quinnemanuel.com
50 California St., 22nd Floor
San Francisco, California 94111
Telephone: (415) 875.6600
Facsimile: (415) 875.6700

VICTORIA F. MAROULIS
Cal. Bar No. 202603
victoriamaroulis@quinnemanuel.com
SAYURI K. SHARPER
Cal. Bar No. 232331
sayurisharper@quinnemanuel.com
555 Twin Dolphin Dr., Suite 560
Redwood Shores, California 94065
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

Attorneys for Defendants
Cisco Systems, Inc. and Cisco-Linksys, LLC

# CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Cisco has complied with the meet and confer requirement in Local Rule CV-7(h). Counsel for Plaintiff informed counsel for Cisco that it opposes this motion.

I further certify that trial counsel and local counsel for all parties personally met and conferred on the issues described in this motion in Dallas, Texas on January 13, 2009. Victoria Maroulis of Quinn Emanuel Urquhart Oliver & Hedges and Ivan Wang of McKool Smith attended on behalf of Cisco. Gerald Willis of McAndrews Held & Malloy and T. John Ward of the Ward & Smith Law Firm attended on behalf of ESN. No agreement was reached during the conference because, as described above, ESN contends that Cisco's interrogatory does not seek relevant information and has therefore refused to provide a response. As a result, discussions have conclusively ended at an impasse, leaving an open issue for the Court to resolve.


Dated: February 10, 2009                By: /s/ Victoria F. Maroulis


Dated: February 10, 2009                By: /s/ Garret Chambers

## CERTIFICATE OF SERVICE

I hereby certify that on the date this proof of service is signed below, I served the foregoing:

**DEFENDANTS' MOTION TO COMPEL AN ANSWER TO THEIR SEVENTH INTERROGATORY**

by email and via the Court's Electronic Filing System to

George P. McAndrews
gmcandrews@mcandrews-ip.com
Thomas J. Wimbiscus
twimbiscus@mcandrews-ip.com
Peter J. McAndrews
pmcandrews@mcandrews-ip.com
Gerald C. Willis
jwillis@mcandrew-ip.com
Paul W. McAndrews
Matthew N. Allison
mallison@mcandrews-ip.com
McAndrews, Held & Malloy
500 West Madison, Suite 3400
Chicago, IL 60661
Telephone 312(775-8000
Fax (312) 775-8100

Eric M. Albritton
ema@emafirm.com
Albritton Law Firm
P.O. Box 2649
Longview, Texas 75606
Telephone (903) 757-8449
Fax (903) 757-2323

T. John Ward
jw@jwfirm.com
Ward & Smith Law Firm
111 West Tyler Street
Longview, Texas 75601
Telephone (903) 757-6400
Fax (903) 757-2323

Date: February 10, 2009 /s/ Kevin A. Smith