# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | |
|---|---|
| ESN, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 5:08-cv-20-DF ) |
| CISCO SYSTEMS, INC., and CISCO-LINKSYS, LLC, | ) ) ) JURY TRIAL DEMANDED ) |
| Defendants. | ) ) ) |

## DEFENDANTS' MOTION PURSUANT TO PATENT LOCAL RULE 3-6(B) FOR LEAVE TO SUPPLEMENT THEIR INVALIDITY CONTENTIONS

Defendants Cisco Systems, Inc. and Cisco-Linksys, LLC (collectively "Cisco") hereby move pursuant to Patent Local Rule 3-6(b) for leave to supplement their invalidity contentions. From even before ESN's patent issued, Cisco has searched diligently for and discovered prior art. However, as a number of courts have noted, the identification of prior art is an inexact process. The task of identifying non-patent prior art such as commercial products that have long since been discontinued is especially difficult. Cisco faced additional difficulty in this search because ESN produced wholly insufficient Preliminary Infringement Contentions that contained only conclusory statements and lacked any citations to evidence. Cisco complained repeatedly to ESN about the contentions to no avail, until ESN finally supplemented its contentions in November 2008.

Over the next two months, Cisco continued its diligent search for prior art with the benefit of the narrowed claims and more detailed contentions. As a result, Cisco located

1

additional prior art and provided ESN with a copy of its supplemental contentions based on the newly discovered prior art products on January 30, 2009. (Ex. A.) Those supplemental contentions contain detailed descriptions of how these commercial products practice each of ESN's asserted patent claims. The references include: 1) VocalTec SIP Server VSS 4000; 2) DSG Technology InterPBX; 3) Intertex IX66 Residential Gateway; 4) Pingtel SIPxchange Enterprise Communications System; 5) Clarent NetPerformer Enterprise Gateway; 6) Vovida Open Communications Application Library; and 7) the product configurations described in the Meircom Session Initiation Protocol (SIP) Interoperability Testing Report. ESN responded in a February 6, 2009 letter that it would oppose any supplementation. (Ex. B.)

ESN will not be prejudiced by the addition of these references to Cisco's invalidity contentions because no significant pretrial filings, hearings, or discovery related to invalidity or prior art has occurred. (Sharper Decl. ¶ 10.) Opening claim construction briefs are not due until April 1, 2009, two months away from when Cisco provided ESN with these additional references. The claim construction hearing is not until June 11, 2009, which is over four months from that date. Obviously, the Court has not issued its claim construction order. No depositions related to invalidity or prior art have occurred to date in this case. Indeed, only one deposition has occurred to date. Fact discovery does not close until ninety days after the Court issues its claim construction ruling, and trial is not set until April 16, 2010.

Cisco now seeks leave to amend its invalidity contentions to set forth the reasons why the newly discovered prior art invalidates ESN's patent claims. Based on the absence of any prejudice to ESN, Cisco's diligence, and the early stage of the case, including the fact that no claim construction briefing or invalidity related depositions have occurred, there is good cause for Cisco to supplement its invalidity contentions.

## I. THE PATENT LOCAL RULES LIBERALLY PERMIT SUPPLEMENTATION FOR GOOD CAUSE.

Patent Local Rule 3-6(b) allows a party to supplement its invalidity contentions upon a showing of "good cause." The Rule, therefore, recognizes the reality that identifying prior art is an inexact process. As one court has stated in applying a comparable local patent rule:

> The definition of "prior art" is vast. Prior art includes technology or data publicly known, used, or "on sale" in this country, or described in patents and printed publications from anywhere in the world. See 35 U.S.C. § 102(a)-(b). To conduct a world-wide search, locate and disclose *all* potential prior art bearing on the patent-in-suit, within [the time allotted after service of the patentee's infringement contentions]—on pain of being precluded from using the information in the lawsuit—is a daunting task. Realistically, the party defending against an infringement claim may have to supplement his initial disclosures of prior art, and amend the required response chart, if his investigation is to unearth all potential prior art.

Amersham Pharmacia Biotech, Inc. v. Perkin-Elmer Corp., 190 F.R.D. 644, 648 (N.D. Cal. 2000).[1] The Federal Circuit has cautioned that an application of the Local Patent Rules that

> required the final identification of infringement and invalidity contentions to occur at the outset of the case, shortly after the pleadings were filed and well before the end of discovery . . . might well conflict with the spirit, if not the letter, of the notice pleading and broad discovery regime created by the Federal Rules.

O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc., 467 F.3d 1355, 1366 (Fed. Cir. 2006). As a result, this Court has frequently found good cause to permit defendants to supplement their invalidity contentions. See, e.g., Arbitron, Inc. v. Int'l Demographics, Inc., No. 2:06-CV-434, 2008 WL 4755761, at *1 (E.D. Tex. Oct. 29, 2008) (permitting amendment where the Court had

---

[1] This Court's Local Patent Rules are patterned after similar rules promulgated by the United States District Court for the Northern District of California. Computer Acceleration Corp. v. Microsoft Corp., 503 F. Supp. 2d 819, 821 (E.D. Tex. 2007). Cases interpreting the Northern District of California's Patent Rules are therefore persuasive authority concerning the application of this Court's rules. Nike, Inc. v. Adidas Am. Inc., 479 F. Supp. 2d 664, 667 n.2 (E.D. Tex. 2007).

3

yet to conduct a claim construction hearing, trial was over six months away, and discovery was in its early stages); Alt v. Medtronic, Inc., 2:04-CV-370, 2006 WL 278868 (E.D. Tex. Feb. 1, 2006) (permitting amendment even though the claim construction hearing and briefing had already been completed).

## II. THERE IS GOOD CAUSE FOR CISCO TO SUPPLEMENT ITS INVALIDITY CONTENTIONS.

There is good cause to permit Cisco to supplement its invalidity contentions. This Court considers four factors to determine whether good cause has been shown: (1) the explanation for the failure to make the disclosure in the party's initial invalidity contentions; (2) the importance of the thing that would be excluded; (3) potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure any prejudice. Arbitron, 2008 WL 4755761, at *1. Each of these factors weighs in favor of granting Cisco's motion.

### A. Cisco Has Been Diligent In Its Prior Art Investigation.

Cisco has diligently and in good faith located prior art since before the outset of this case. It has researched prior art and provided it to ESN since before ESN's patent even issued from the Patent Office. (Ex. C at 1.) For example, during the parties' licensing negotiations, Cisco provided ESN with prior art. That search for prior art continued after ESN filed suit. (Sharper Decl. ¶ 2.)

Many of the references disclosed in Cisco's initial invalidity contentions were discovered through prior art searches based in part on ESN's apparent construction of the patent as illustrated in its infringement contentions. (Sharper Decl. ¶ 4.) ESN's infringement contentions were, however, conclusory and unsupported. Id. For example, they failed to cite any evidence in support of ESN's theory of infringement. Id. As a result, the deficiencies in ESN's contentions became a subject of dispute between the parties. (Ex. D.) In a May 15, 2008 letter

4

DEFENDANTS' MOTION PURSUANT TO PATENT LOCAL RULE 3-6(B)
FOR LEAVE TO SUPPLEMENT THEIR INVALIDITY CONTENTIONS

responding to Cisco's concerns, ESN characterized its infringement contentions as merely "preliminary" and argued that supplementation would be forthcoming once further discovery was taken. (Ex. E at 2-3.)

Based on ESN's "preliminary" infringement contentions, Cisco conducted a thorough prior art search. Despite that diligent and continuing effort, however, Cisco was unable to identify, obtain, and analyze the entire body of prior art commercial products. Unlike many more traditional technologies, there is no comprehensive resource for locating commercial products that permit Voice Over Internet Protocol ("VoIP"). In many fields, scholarly articles provide an easily searchable source of prior art. In others, published patent records are the principle means for identifying prior art. But in the rapidly developing field of commercial VoIP technology, neither of these resources provide much help in locating commercial products and determining their functionality. Many of those products were long-ago discontinued and are no longer readily available for purchase. (Sharper Decl. ¶ 4.) As a result, Cisco was unable to identify all of the critical commercial products that are prior art to ESN's patent when it filed its preliminary invalidity contentions.

On November 5, 2008—months after Cisco served its preliminary invalidity contentions—ESN served on Cisco new, amended infringement contentions. Those contentions for the first time went beyond conclusory allegations and identified evidence in support of ESN's infringement positions. Id. at ¶ 6. Cisco agreed not to oppose ESN's motion to supplement its infringement contentions. In light of these newly clarified infringement allegations, Cisco renewed and refocused its search for prior art that operated in a manner similar to ESN's newly revealed infringement theories. Id. at ¶¶ 6-7. This renewed search resulted in the discovery of the commercial product prior art that Cisco has identified in its supplemental invalidity

contentions. Id. at ¶¶ 7-8. Upon discovery of these new prior art references, Cisco promptly notified ESN of its intent to seek leave to amend its invalidity contentions on January 30, 2009. (Ex. A.)[2]

**B. Cisco's Supplemental Prior Art Is Highly Important.**

The prior art in Cisco's supplemental disclosures is highly important. As disclosed in that supplementation, these references either anticipate or render obvious each of the asserted claims of ESN's patent. Each of these commercial products provided SIP user agents to represent non-SIP telephones and implemented SIP proxy servers to mediate SIP communications. All of these products, therefore, practiced the core elements of ESN's asserted claims. Plainly, the Court's exclusion of these references would deprive the trier of fact of relevant evidence. Under these circumstances, where the supplemental prior art would anticipate the asserted claims, the amendment is highly important. See Alt, 2006 WL 278868, at *4 (holding that the importance criteria is satisfied where the supplemental prior art demonstrated that the claimed inventive concept was known before the alleged date of invention).

**C. ESN Will Not Be Prejudiced By Supplementation of Cisco's Invalidity Contentions.**

Supplementation of Cisco's invalidity contentions creates no conceivable prejudice to ESN. Trial in this case is not scheduled until April 16, 2010—more than a year away. The claim construction hearing is not until June 11, 2009—over four months from when ESN received Cisco's supplemental contentions. Claim construction briefing will not begin until April 1, 2009.

---

[2] The Patent Rules of the Northern District of California, for example, specifically provide that an example "of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include . . . recent discovery of material, prior art despite earlier diligent search." Northern District of California Patent Local Rule 3-6.

6

Neither party has served expert reports, and no depositions relating to prior art or invalidity have occurred.

The only prejudice ESN identified during the parties' meet and confer discussions was the burden of having to consider and defend against Cisco's allegations that these references invalidate ESN's patent. The present case management schedule, however, ensures that ESN will have ample opportunity to examine the additional prior art references and formulate its position in preparation for expert discovery and claim construction. Indeed, under the Court's scheduling order ESN will have had over seven months to analyze the prior art references and take the necessary discovery before the close of fact discovery and at least eight months before it must serve its expert report on invalidity. (See DN 25.)[3]

This Court has repeatedly allowed amendment of invalidity contentions under far more potentially prejudicial circumstances. For example, in Arbitron, Inc. v. International Demographics, Inc., No. 2:06-CV-434, 2008 WL 4755761, at *1 (E.D. Tex. Oct. 29, 2008), this Court found no prejudice to the patentee from an amendment to the defendant's invalidity contentions because the Court had yet to conduct a claim construction hearing, trial was over six months away, and discovery was in its early stages. Similarly, in Computer Acceleration Corp. v. Microsoft Corp., 481 F. Supp. 2d 620, 625-26 (E.D. Tex. 2007), this Court held that any prejudice to the patentee was "not great" where it learned of the defendant's intent to supplement its invalidity contentions a month before opening claim construction briefs were due and five

---

[3] The merits of ESN's case may be affected by inclusion of this highly relevant prior art in the case. But the mere fact that new prior art references will invalidate the ESN's patent claims is not cognizable prejudice. Amersham Pharmacia Biotech, Inc. v. Perkin-Elmer Corp., 190 F.R.D. 644, 648 (N.D. Cal. 2000) (rejecting the argument that the potential for newly cited prior art to influence the outcome of the litigation is prejudicial).

7

DEFENDANTS' MOTION PURSUANT TO PATENT LOCAL RULE 3-6(B)
FOR LEAVE TO SUPPLEMENT THEIR INVALIDITY CONTENTIONS

months before the close of discovery. And in <u>Alt v. Medtronic, Inc.</u>, No. 2:04-CV-370, 2006 WL 278868 (E.D. Tex. Feb. 1, 2006), this Court found no prejudice to the patentee from amended invalidity contentions even though the claim construction hearing and briefing had already been completed.[4] Indeed, Cisco's research has not revealed a single case where this Court has found supplementation prior to a claim construction hearing to be unduly prejudicial.

### D. A Continuance Is Available to Cure Any Arguable Prejudice.

As described above, ESN will not be prejudiced by Cisco's supplemental invalidity contentions. Nevertheless, to the extent the Court disagrees, any potential prejudice is readily curable by a brief continuance of the claim construction schedule.

### CONCLUSION

For the foregoing reasons, this Court should grant Cisco leave to supplement its invalidity contentions.

---

[4] The decisions of the Northern District of California applying its comparable local patent rules are in agreement. See, e.g., <u>Tessera, Inc. v. Advanced Micro Devices, Inc.</u>, No. C 05-4063, 2007 WL 1288199 (N.D. Cal. Apr. 30, 2007) (permitting amendment and finding no prejudice where supplementation occurred before the deadline for expert reports and before briefing on claim construction); <u>Sick A.G. v. Omron Sci. Techs., Inc.</u>, No. C 06-2028, 2007 WL 1223675 (N.D. Cal. Apr. 24, 2007) (no prejudice to patentee where supplementation occurred nine months before the close of discovery and before the claim construction hearing).

DATED: February 18, 2009  Respectfully submitted,

By /s/ Victoria Maroulis

MCKOOL SMITH P.C.

SAM BAXTER
Texas Bar No. 01938000
sbaxter@mckoolsmith.com
104 E. Houston St., Suite 300
P.O. Box 0
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

GARRET W. CHAMBERS
Texas State Bar No. 00792160
gchambers@mckoolsmith.com
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone : (214) 978-4000
Facsimile : (214) 978-4044

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

CHARLES K. VERHOEVEN
LEAD COUNSEL
Cal. Bar No. 170151
charlesverhoeven@quinnemanuel.com
KATHERINE H. BENNETT
katherinebennett@quinnemanuel.com
Cal. Bar No. 250175
KEVIN A. SMITH
Cal. Bar No. 250814
kevinsmith@quinnemanuel.com
50 California St., 22nd Floor
San Francisco, California 94111
Telephone: (415) 875.6600
Facsimile: (415) 875.6700

VICTORIA F. MAROULIS
Cal. Bar No. 202603
victoriamaroulis@quinnemanuel.com
SAYURI K. SHARPER
Cal. Bar No. 232331
sayurisharper@quinnemanuel.com
555 Twin Dolphin Dr., Suite 560
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Attorneys for Defendants
Cisco Systems, Inc. and Cisco-Linksys, LLC

# CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Cisco has complied with the meet and confer requirement in Local Rule CV-7(h). Counsel for Plaintiff informed counsel for Cisco that it opposes this motion.

I further certify that trial counsel and local counsel for all parties conferred by telephone and letter on the issues described in this motion. No agreement was reached because, as described above, ESN contends that Cisco lacks good cause to supplement its contentions and that the supplementation is untimely. For the reasons stated above, Cisco contends that ESN will not be prejudiced and that there is good cause for supplementation. As a result of this disagreement, discussions have conclusively ended at an impasse, leaving an open issue for the Court to resolve.


Dated: February 18, 2009          By: /s/ Victoria F. Maroulis



Dated: February 18, 2009          By: /s/ Garret Chambers

# CERTIFICATE OF SERVICE

I hereby certify that on the date this proof of service is signed below, I served the foregoing:

**DEFENDANTS' MOTION PURSUANT TO PATENT LOCAL RULE 3-6(B) FOR LEAVE TO SUPPLEMENT THEIR INVALIDITY CONTENTIONS**

by email and via the Court's Electronic Filing System to

George P. McAndrews
gmcandrews@mcandrews-ip.com
Thomas J. Wimbiscus
twimbiscus@mcandrews-ip.com
Peter J. McAndrews
pmcandrews@mcandrews-ip.com
Gerald C. Willis
jwillis@mcandrew-ip.com
Paul W. McAndrews
Matthew N. Allison
mallison@mcandrews-ip.com
McAndrews, Held & Malloy
500 West Madison, Suite 3400
Chicago, IL 60661
Telephone 312(775-8000
Fax (312) 775-8100

Eric M. Albritton
ema@emafirm.com
Albritton Law Firm
P.O. Box 2649
Longview, Texas 75606
Telephone (903) 757-8449
Fax (903) 757-2323

T. John Ward
jw@jwfirm.com
Ward & Smith Law Firm
111 West Tyler Street
Longview, Texas 75601
Telephone (903) 757-6400
Fax (903) 757-2323

Date: February 18, 2009             /s/ Kevin A. Smith