**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | |
|---|---|
| **ESN, LLC,** ) | |
| ) | |
|       **Plaintiff,** ) | |
| ) | **CASE NO. 5:08-CV-20-DF** |
|       **v.** ) | |
| ) | |
| **CISCO SYSTEMS, INC., and** ) | |
| **CISCO-LINKSYS, LLC,** ) | |
| ) | |
|       **Defendants.** ) | |

### [PROPOSED] ORDER

Before the Court is the motion of Plaintiff ESN, LLC ("ESN") for an order disqualifying counsel for Defendants, Cisco Systems, Inc. and Cisco-Linksys, LLC (collectively "Cisco") and imposing sanctions on Cisco and its counsel for improperly offering financial incentives in exchange for testimony. The Court, being fully apprised in the premises and the parties having had a full opportunity to be heard, concludes that Cisco's trial counsel and its in-house counsel that helped negotiate, acquiesced in, or authorized the agreement or attendant payments to Iperia violated ABA Model Rule of Professional Conduct 3.4 and corresponding state rules of professional conduct.

Accordingly, ESN's motion for disqualification of Quinn Emanuel Urquhart Oliver & Hedges, LLP and Cisco's in-house counsel who had knowledge of, worked on, or authorized the agreement with Iperia is **GRANTED**.

**IT IS FURTHER ORDERED THAT:**

    1.    Cisco immediately report under oath the identity of every in-house and outside lawyer for Cisco who had knowledge of, worked on, or authorized the Patent Assignment Agreement with Iperia;

2. Cisco file and serve a report every 90 days during the remainder of this case indicating that any disqualified firm or in-house attorney have separated themselves from any direct or indirect participation in the case;

3. Cisco is barred from challenging Mr. Girard's original ownership and subsequent assignment to ESN of all right, title and interest in the '519 Patent;

4. All testimony, documents or other evidence received from Iperia is permanently excluded from this action to the extent they are used to attempt to challenge Mr. Girard's original ownership or ESN's present ownership of the '519 Patent;

5. Cisco is guilty of unclean hands and is, therefore, forever barred from asserting any equitable defenses in this lawsuit;

6. The Patent Assignment Agreement shall be made public in its entirety;

    a. all communications between Cisco and Iperia leading to their agreement shall be made public;

    b. any assertion of privilege or work product for documents and information relating to the Patent Assignment Agreement shall be vitiated under the crime-fraud exception;

    c. this motion, which was filed under seal, shall be unsealed;

    d. ESN is granted permission to submit this Order and the parties' briefs and exhibits to the relevant state bar disciplinary commissions; and

7. ESN shall be awarded its attorneys fees and expenses in bringing this motion as well as expenses incurred because of Cisco's frustration of ESN's discovery efforts directed toward Iperia. These fees and expenses shall be paid in equal parts by Cisco and its trial counsel, Quinn Emmanuel.