IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| ESN, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 5:08-cv-20-DF |
| | ) |
| CISCO SYSTEMS, INC., and | ) JURY TRIAL DEMANDED |
| CISCO-LINKSYS, LLC, | ) |
| | ) |
| Defendants. | ) |

## **DEFENDANTS' UNOPPOSED MOTION FOR ADDITIONAL REDACTION**

Defendants Cisco Systems, Inc. and Cisco-Linksys, LLC (collectively, "Cisco") hereby move for an order redacting less than one page of the ninety-three page transcript from the parties' June 11, 2009 hearing regarding claim construction. Dkt. 95. Cisco filed notice of its intent to request redaction on July 6, 2009. Dkt. 100. Plaintiff ESN, LLC ("ESN") does not oppose this motion.

Following the parties' presentations to the Court on claim construction, the Court inquired as to the status of ESN's discovery efforts relating to Cisco's pending Motion to Dismiss. Before being stopped by the Court, ESN referenced confidential documents and deposition testimony relating to the business of Cisco and a third party that are covered by the Protective Order entered in this case. See Claim Construction Hearing Tr. 91:19 – 92:13. As ESN recognized at the time, its discussion of these confidential matters might warrant sealing this small portion of the transcript so as to prevent information confidential to both Cisco and a third party from inadvertently falling into the public domain. See id. at 91:23-25.

02099.51301/2998300.1

1

Good cause exists for sealing the portion of the transcript of the parties' June 11, 2009 claim construction hearing from page 91, line 19 through page 92, line 13 because that passage contains a discussion of confidential information governed by the Protective Order. Cisco had no prior knowledge that ESN would respond to the Court's inquiry about discovery concerning Cisco's pending Motion to Dismiss by disclosing information confidential to Cisco and a third party produced pursuant to the Protective Order. As a result, Cisco was unable to ensure its confidential information would be protected prospectively. Seeking an order sealing this portion of the transcript is therefore Cisco's only mechanism for preserving the confidentiality of the information discussed at the hearing.

For the foregoing reasons, Cisco respectfully requests an order sealing the transcript of the June 11, 2009 claim construction hearing from page 91, line 19 through page 92, line 13, inclusive, and directing the court reporter to redact that passage from all publicly available versions of the transcript.

DATED: July 9, 2009

Respectfully submitted,

By /s/ Matthew D. Cannon

POTTER MINTON
A Professional Corporation

MICHAEL JONES
Tex. Bar No. 10929400
mikejones@potterminton.com
110 N. College, Suite 500 (75702)
P.O. Box 359
Tyler, Texas 75710
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

QUINN EMANUEL URQUHART OLIVER &
HEDGES, LLP

CHARLES K. VERHOEVEN
LEAD COUNSEL
Cal. Bar No. 170151
charlesverhoeven@quinnemanuel.com
KEVIN A. SMITH
Cal. Bar No. 250814
kevinsmith@quinnemanuel.com
MATTHEW D. CANNON
Cal. Bar No. 252666
matthewcannon@quinnemanuel.com
50 California St., 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

VICTORIA F. MAROULIS
Cal. Bar No. 202603
victoriamaroulis@quinnemanuel.com
SAYURI K. SHARPER
Cal. Bar No. 232331
sayurisharper@quinnemanuel.com
555 Twin Dolphin Dr., Suite 560
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Attorneys for Defendants
Cisco Systems, Inc. and Cisco-Linksys, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 9th day of July, 2009. Any other counsel of record will be served by First Class U.S. mail on this same date.

        /s/ Matthew D. Cannon