# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TEXARKANA DIVISION

| | | |
|---|---|---|
| ESN, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Civil Action No. 5:08-cv-20-DF** |
| | ) | |
| CISCO SYSTEMS, INC., and | ) | **JURY TRIAL DEMANDED** |
| CISCO-LINKSYS, LLC, | ) | |
| | ) | **ORAL HEARING REQUESTED** |
| Defendants. | ) | |

## DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL AN ANSWER TO THEIR SEVENTH INTERROGATORY

Dockets.Justia.com

ESN's opposition to Cisco's motion is notable for what it does not dispute.  First, ESN nowhere disputes that Cisco has alleged that ESN's patent is invalid in light of prior art references.  Second, ESN does not dispute that whether a reference is or is not prior art depends on whether it preceded the patent's priority date.  Third, ESN does not dispute that its answer to Cisco's interrogatory is relevant to determining the patent's priority date.  Those concessions establish that Cisco's interrogatory is relevant to a "claim or defense."  Fed. R. Civ. P. 26(b)(1).

## I.      THE PRIORITY DATE IS RELEVANT TO WHETHER SEVERAL REFERENCES ARE PRIOR ART TO ESN'S PATENT.

ESN argues that the priority date for its patent is not relevant to this case.  (Opposition at 3.)  To the contrary, the patent's priority date is relevant to whether several references relied on by Cisco are prior art.  For example, Cisco has identified and provided invalidity claim charts for U.S. Patent No. 6,885,660 ("Inbar").  Under 35 U.S.C. § 102(e), a patent claim is anticipated if it is described in an application for a United States patent filed by another before invention by the patentee.[1]

The priority date of ESN's patent is also relevant to whether the "Sylantro Softswitch" product is prior art.  Under 35 U.S.C. § 102(a), a patent claim is invalid if it was "known or used by others in this country . . . before the invention thereof" by the patentee.  Under 35 U.S.C. §

---

[1]      ESN argues that Inbar is irrelevant because Cisco contends that Inbar invalidates patent claims 13, 14, and 17, while ESN has narrowed its infringement contentions to only assert infringement of claims 9, 10, 12, and 16.  ESN ignores two critical facts.  First, asserted claim 16 is dependent on claim 13.  Cisco has therefore alleged that Inbar practices the majority of the limitations of claim 13, and therefore may render that claim obvious when considered in light of other references.  Second, Cisco has pled a claim for a declaratory judgment that *each* of the claims of the patent are invalid.  "A party seeking a declaratory judgment of invalidity presents a claim independent of the patentee's charge of infringement."  Cardinal Chem. Co. v. Morton Int'l, Inc., 508 U.S. 83, 96 (1993).  A patentee's decision to voluntarily dismiss its assertion of infringement of a subset of a patent's claims does not render moot a counterclaim for a declaratory judgment of invalidity of the withdrawn claims.  Shelcore, Inc. v. Durham Indus., Inc., 745 F.2d 621, 624 (Fed. Cir. 1984).

102(g)(2), a patent is invalid if: "before such person's invention thereof, the invention was made in this country by another inventor who had not abandoned, suppressed, or concealed it." Sylantro announced the release of this product in August 2001, which falls between the filing dates of ESN's provisional and final applications. (ESN Ex. A at 49.)[2]

Whether the specification in ESN's provisional application supports the claims of its patent is also relevant to whether ESN will be able to "swear behind" prior art references. A patentee may sometimes eliminate a reference from consideration if it invented the subject matter of the claimed invention prior to the publication or public use of the reference. See Markman v. Lehman, 987 F. Supp. 25, 30 (D.D.C. 1997). 35 U.S.C. § 102(b), however, places a maximum limit on how far a patentee can "swear back" of one year prior to the filing of the application disclosing the invention. See id. ESN's ability to swear behind prior art references therefore depends upon which application first disclosed each element of ESN's claimed invention. If it is the provisional application, then ESN can swear back to April 2000; if it is the final application, then ESN can swear back only to April 2001. Some of the references that Cisco relies on that fall within this window include: Osterhout, U.S. Patent No. 7,197,029 (filing date 9/29/2000); Wengrovitz, U.S. Patent No. 4,035,248 (filing date 2/12/2001); Janning, U.S. Patent No. 7,024,461 (filing date 4/28/2000); and Nodoushani, U.S. Patent No. 6,563,816 (filing date 11/28/2000). (See ESN Ex. A at 4.)

---

[2] ESN's argument that it is justified in refusing to respond to discovery because of the quality of Cisco's Patent Local Rule 3-3 disclosures is baseless. The adequacy or inadequacy of Cisco's disclosures is not a basis for refusing to respond to discovery requests. See Part V, infra.

## II.    THE DEPOSITION OF THE INVENTOR IS NOT A VALID OBJECTION TO AN INTERROGATORY.

ESN contends, without citation to any authority, that it need not respond to Cisco's interrogatory because Cisco deposed the patent's inventor, Mr. Gregory Girard.  In light of the minimal burden that a response would place on ESN, that deposition does not excuse ESN's failure to answer.  Further, ESN failed to raise this argument in its objections, thereby waiving it. Fed. R. Civ. P. 33(b)(4); Cisco Ex. C at 3.

In any event, Mr. Girard is not a party to this lawsuit.  Although he testified as ESN's representative pursuant to Rule 30(b)(6), he was not designated or prepared to testify on ESN's legal contentions.  ESN has never offered him as a Rule 30(b)(6) representative on that subject. Nor did Cisco question Mr. Girard on whether ESN's provisional application disclosed *each* limitation in ESN's patent claims.  Mr. Girard's deposition therefore provides no basis for ESN's refusal to answer Cisco's interrogatory.

## III.   THE LOCAL PATENT RULES DO NOT PROHIBIT CISCO'S INTERROGATORY.

ESN argues that the Patent Local Rules somehow prohibit Cisco's interrogatory. According to ESN, because those Rules call for certain mandatory disclosures, all other interrogatories are implicitly forbidden. (Opposition at 14.)  The frivolousness of this argument demonstrates the need to award Cisco its expenses in litigating this motion.  ESN's argument leads to the absurd result that parties cannot take discovery beyond the mandatory disclosures required by the Local Rules.  Yet this Court commonly compels responses to interrogatories on a variety of subjects in patent cases.  E.g., Laserdynamics, Inc. v. Asus Computer Int'l, No. 2:06-CV-348, 2009 WL 153161, at *2 (E.D. Tex. Jan. 21, 2009) (compelling party to provide response to contention interrogatory in patent case).  Further, by not objecting on this basis, ESN has waived the argument.  See Fed. R. Civ. P. 33(b)(4); Cisco Ex. C at 3.

## IV.    CISCO'S INTERROGATORY DOES NOT "SEEK EXPERT TESTIMONY."

ESN argues that it need not respond to Cisco's interrogatory because it "seeks expert opinion testimony."  (Opposition at 13.)  ESN cites no authority in support of the argument that a party may not serve contention interrogatories prior to the time for serving expert reports.

As an initial matter, Cisco's interrogatory does not seek expert testimony.  ESN stated in its patent specification that it "claims priority to U.S. provisional application 60/283,888." (Cisco Ex. A at 1:7-9.)  ESN has therefore already affirmatively represented to the Patent Office that the limitations in its patent claims are disclosed in the provisional application.  Cisco merely seeks an explanation of that representation.

Even if Cisco's interrogatory did require expert input, there is no rule that such interrogatories need not be answered until after the service of expert reports.  The law is clear that the fact that a party must consult with an expert in responding to an interrogatory does not transform the interrogatory into "expert discovery" or excuse its failure to respond.[3]

---

[3]    Geer v. Cox, No. 01-2583, 2003 WL 21254731, at *3 (D. Kan. May 21, 2003) ("Even if complete answers to discovery requests may require the answering party to consult with experts, such considerations do not transform permissible factual discovery into 'expert discovery.'"); Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc., 175 F.R.D. 646, 651 (C.D. Cal. 1997) ("[I]f the concern in answering a contention interrogatory before discovery has been completed, or even substantially done, is that the answer to the interrogatory may limit the party's proof at trial, that concern is misplaced in that, among other things, the trial court may permit withdrawal or amendment of an answer to an interrogatory."); Cook v. Rockwell Int'l Corp., 161 F.R.D. 103, 106 (D. Colo. 1995) ("Although plaintiff may need to consult with their experts before responding to the Request, this does not excuse them from responding to the Requests with the information they possess."); King v. E.F. Hutton & Co., Inc., 117 F.R.D. 2, 5 (D.D.C. 1987) ("It is not answer for plaintiffs to assert that they will need discovery or to consult with an expert to determine their losses.  They should have answered the interrogatories with such information as they possessed . . . .).

## V. THE ADEQUACY OF CISCO'S INVALIDITY CONTENTIONS IS NOT A VALID OBJECTION TO CISCO'S INTERROGATORY.

Much of ESN's opposition is devoted to attacks on the quality of Cisco's Patent Local Rule 3-3 invalidity contentions. Although its argument is not clear, ESN appears to contend that perceived inadequacies in Cisco's disclosures somehow excuses ESN from responding to discovery requests pertaining to invalidity. Cisco disputes ESN's characterization of those detailed contentions, which speak for themselves. (See ESN Ex. A.) The quality of Cisco's invalidity contentions is, however, not relevant to this motion because a party may not refuse to provide discovery on the grounds that the opposing party's disclosures are inadequate. ISO Claims Servs., Inc. v. Appraisal.com, Inc., No. 3:06-cv-100, 2007 WL 678014 at *8 n.6 (M.D. Fla. Mar. 5, 2007) ("[E]ach party has their own obligations with respect to discovery and although both parties should participate in discovery in a cooperative manner and in good faith, a party cannot use the 'tit for tat' argument when one party does not respond appropriately.");. Lumbermens Mut. Cas. Ins. Co. v. Maffei, No. 3:03-cv-262, 2006 WL 2709835 at *5 n.21 (D. Alaska Sept. 20, 2006) ("The rules do not authorize one party to withhold discoverable material in retaliation for the opposing party's withholding discoverable material.").[4]

## CONCLUSION

For the foregoing reasons, this Court should compel ESN to respond to Cisco's seventh interrogatory and award Cisco's its expenses in preparing this motion.

---

[4] Similarly, this Court's March 11, 2008 Discovery Order states: "**No Excuses**: A party is not excused from the requirements of this Discovery Order or the Court's Docket Control Order because . . . it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures."

DATED:  September 14, 2009          Respectfully submitted,


By  /s/  Kevin A. Smith


POTTER MINTON
A Professional Corporation

MICHAEL JONES
Tex. Bar No. 10929400
mikejones@potterminton.com
110 N. College, Suite 500 (75702)
P.O. Box 359
Tyler, Texas 75710
Telephone:  (903) 597-8311
Facsimile:  (903) 593-0846


QUINN EMANUEL URQUHART OLIVER &
HEDGES, LLP

CHARLES K. VERHOEVEN
LEAD COUNSEL
Cal. Bar No. 170151
charlesverhoeven@quinnemanuel.com
KATHERINE H. BENNETT
katherinebennett@quinnemanuel.com
Cal. Bar No. 250175
KEVIN A. SMITH
Cal. Bar No. 250814
kevinsmith@quinnemanuel.com
50 California St., 22nd Floor
San Francisco, California 94111
Telephone: (415) 875.6600
Facsimile:  (415) 875.6700

VICTORIA F. MAROULIS
Cal. Bar No. 202603
victoriamaroulis@quinnemanuel.com

SAYURI K. SHARPER
Cal. Bar No. 232331
sayurisharper@quinnemanuel.com
555 Twin Dolphin Dr., Suite 560
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Attorneys for Defendants
Cisco Systems, Inc. and Cisco-Linksys, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on the date this proof of service is signed below, I served the

foregoing:

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL AN
ANSWER TO THEIR SEVENTH INTERROGATORY**

by email and via the Court's Electronic Filing System to

George P. McAndrews
gmcandrews@mcandrews-ip.com
Thomas J. Wimbiscus
twimbiscus@mcandrews-ip.com
Peter J. McAndrews
pmcandrews@mcandrews-ip.com
Gerald C. Willis
jwillis@mcandrews-ip.com
Paul W. McAndrews
pwmcandrews@mcandrews-ip.com
Matthew N. Allison
mallison@mcandrews-ip.com
Heather Bjella
hbjella@mcandrews-ip.com
McAndrews, Held & Malloy
500 West Madison, Suite 3400
Chicago, IL 60661
Telephone 312(775-8000
Fax (312) 775-8100

Eric M. Albritton
ema@emafirm.com
Albritton Law Firm
P.O. Box 2649
Longview, Texas 75606
Telephone (903) 757-8449
Fax (903) 757-2323

T. John Ward
jw@jwfirm.com
Ward & Smith Law Firm
111 West Tyler Street
Longview, Texas 75601
Telephone (903) 757-6400
Fax (903) 757-2323

Date: September 14, 2009                    /s/ Kevin A. Smith

_____