# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | | |
|---|---|---|
| ESN, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 5:08-CV-20 |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| CISCO SYSTEMS, INC., and | ) | |
| CISCO-LINKSYS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF CORRECTION TO ESN'S MOTION FOR SANCTIONS

ESN files this Notice of Correction to case law cited in ESN's motion for sanctions filed on October 5, 2009.

ESN cited *Clearvalue, Inc. v. Pearl River Polymers, Inc.*, 242 F.R.D. 362 (E.D. Tex. 2007) as an example of the district court using its "inherent power" to sanction discovery misconduct. ESN inadvertently overlooked the Federal Circuit decision from March of this year reversing that case in part. *Clearvalue, Inc. v. Pearl River Polymers, Inc.*, 560 F.3d 1291 (Fed. Cir. 2009). While the substantive law set forth by the Supreme Court in *Chambers v. NASCO*, 501 U.S. 32 (1991) remains the same (the district court may exercise its "inherent power" to sanction a broad range of litigation abuse), the Federal Circuit in *Clearvalue* determined that the specific facts before the court did not warrant sanctions pursuant to the court's "inherent power" in that specific case. The court did affirm the finding of sanctionable conduct and the award of attorneys' fees pursuant to Fed. R. Civ. P. 26 and 37, but reversed the sanction of striking the offending party's pleadings and awarding additional attorneys' fees pursuant to the court's "inherent power" under the facts existing in that particular case. ESN maintains that Cisco's

conduct does justify sanctions pursuant to Fed. R. Civ. P. 26 and 37 and, due to the broad range of Cisco's litigation misconduct, the court's "inherent power" including the striking of Cisco's defenses. If ever there was a case justifying this sanction, the present case is a template for its application.

Respectfully submitted,

FOR PLAINTIFF, ESN, LLC:

Dated: October 14, 2009
/s/ T. John Ward, Jr.
George P. McAndrews
Thomas J. Wimbiscus
Peter J. McAndrews
Gerald C. Willis
Paul W. McAndrews
Heather A. Bjella
Matthew N. Allison
McAndrews, Held & Malloy, Ltd.
500 W. Madison Street, 34th Floor
Chicago, Illinois 60661
Telephone (312) 775-8000
Facsimile (312) 775-8100
pmcandrews@mcandrews-ip.com

Eric M. Albritton
Lead Attorney
Texas State Bar No. 00790215
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone (903) 757-8449
Facsimile (903) 758-7397
ema@emafirm.com

T. John Ward Jr.
Texas State Bar No. 00794818
Ward & Smith Law Firm
111 W. Tyler St.
Longview, Texas 75601
Telephone (903) 757-6400
Facsimile (903) 757-2323
jw@jwfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the date this proof of service is signed below, the foregoing was served:

**PLAINTIFF ESN, LLC'S NOTICE OF CORRECTION**

by email to:

Charles K. Verhoeven
Quinn Emanuel Urquhart Oliver & Hedges, LLP
50 California St., 22nd Floor
San Francisco, CA 94111
charlesverhoeven@quinnemanuel.com

Victoria F. Maroulis
Quinn Emanuel Urquhart Oliver & Hedges, LLP
555 Twin Dolphin Dr., Suite 560
Redwood Shores, CA 94065
victoriamaroulis@quinnemanuel.com

Michael E. Jones
Potter Minton
110 N. College
Suite 500
Tyler, TX 75702
mike.jones@potterminton.com


Date: October 14, 2009

/s/ T. John Ward, Jr.
T. John Ward, Jr.